Jeter S. Ray, Nashville, Tenn., for plaintiff.

Noone & Noone, Chattanooga, Tenn., for defendant.

---

**James P. MITCHELL, Secretary of Labor, United States Department of Labor**

**v.**

**Joseph Lyndon EAVES, individually and d/b/a Eaves Produce Company (two cases).**

**Civ. A. Nos. 3403, 3404.**

United States District Court
E. D. Tennessee, S. D.

May 7, 1959.

DARR, District Judge.

Service was obtained on the defendant in these cases on January 27, 1959, and on April 27, 1959, the Clerk of the Court entered a default against the defendant, no answer having been filed and no request having been made to the Court for an extension of time in which to answer.

On April 28, 1959, the defendant moved the Court to set aside the entry of default, and one of the attorneys for the defendant filed an affidavit attempting to explain, in part, the delay. The attempted explanation applies almost exclusively to the period of two weeks

---

prior to April 27, without any satisfactory explanation of the delay without extension prior to that time.

The Federal Rules of Civil Procedure do not favor delay. Default could have been entered by the Clerk on or about February 20, more than two months prior to the actual entry of default. A hope of settlement does not justify a failure to obtain an extension of time to answer. Despite this delay, since a trial on the merits is much to be preferred to a default, the motion of the defendant will be granted. See Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207.

In view of the above ruling, the plaintiff's motion for a judgment on the default is denied.

Order accordingly.