GILBERT P. WELCH AND HUSBAND, J. ARTHUR WELCH, PETITIONERS v. RUTH P. KEARNS AND HUSBAND, AUSTIN F. KEARNS; A. M. PRIMM AND WIFE, SARAH H. PRIMM; CLEO P. GREEN AND HUSBAND, WALTER GREEN; RICHARD W. PRIMM AND WIFE, GERTRUDE B. PRIMM, DEFENDANTS.

(Filed 17 January 1964.)

1. **Appeal and Error § 60—**

   The decision on appeal becomes the law of the case.

2. **Partition § 9—**

   The amount of commission allowed by the Superior Court to the commissioner selling lands for partition is governed by G.S. 1-408 and rests in the discretion of the court, and the court's order will not be disturbed in the absence of a showing of abuse of discretion.

3. **Appeal and Error § 46—**

   The action of the trial court as to matters within its judicial discretion will not be disturbed unless there is a clear abuse thereof.

APPEAL by defendants from *Gambill, J.,* regular June 10, 1963, Session, DAVIDSON Superior Court.

This proceeding was here at the Spring Term, 1963. The Court remanded with direction that the Superior Court Judge fix the amount

to be paid to M. E. Gilliam, as Commissioner, for his services in the proceeding. In a *de novo* hearing, Judge Gambill found $5,500.00 to be reasonable compensation and ordered payment from the proceeds of the sale. The defendants Kearns and Green excepted and appealed.

*W. H. Steed for defendant appellants.*

*E. W. Hooper, Fred H. Morrison, Jr., for M. E. Gilliam, Commissioner, appellee.*

HIGGINS, J. The facts are fully set forth by the Chief Justice. See 259 N.C. 367. In the first instance the Clerk Superior Court had awarded the Commissioner $7,000.00 for his services. On appeal, the Superior Court Judge concluded as a matter of law that commissions were governed by G.S. 28-170, could not exceed five per cent, and reduced the allowance to $3,500.00. The Commissioner appealed.

This Court held that G.S. 1-408—not G.S. 28-170—controlled, and remanded the proceeding for trial *de novo* before the judge holding the Superior Court of Davidson County. That decision is the law of the case. When Judge Gambill, on the *de novo* hearing, in his discretion, fixed $5,500.00 as just and reasonable compensation, his decision can only be set aside for abuse of discretion. "The rule is universal that the action of the trial court as to matters within its judicial discretion will not be disturbed unless there is a clear abuse thereof; or, as it is frequently stated, the appellate court will not review the discretion of the trial court. This rule, or rather this statement of the rule, does not give the trial judge an entirely free hand in what might be termed discretionary matters. The exercise of judicial discretion which may not be reviewed implies conscientious judgment, not arbitrary action, takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge toward a just result." 3 Am. Jur., Appeal and Error, § 959.

The judgment challenged by this appeal is

Affirmed.