L. ISHMAEL WHALEY v. H. SPICER RHODES

No. 708SC672

(Filed 16 December 1970)

1. Rules of Civil Procedure § 55— entry of default

An entry of default, as distinguished from a judgment by default, is only an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter; a court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment. G.S. 1A-1, Rule 55.

2. Rules of Civil Procedure § 55— vacating an entry of default — sufficiency of showing of good cause

Entry of default in an automobile accident case was properly vacated by the trial court upon a showing by the defendant that he had good cause for his failure to file an answer, where defendant offered evidence (1) that he had turned over the complaint to his insurance agent, who assured him that the insurance company would take care of the matter; (2) that after three weeks he checked again with his agent and was assured that the case was being taken care of; (3) that he was next advised that an entry of default had been made against him; and (4) that he had a meritorious defense to the plaintiff's action. G.S. 1A-1, Rule 55.

3. Rules of Civil Procedure § 55— vacating entry of default

There is no necessity for a finding of excusable neglect in granting a motion to set aside and vacate the entry of default.

APPEAL by plaintiff from *Peel, Judge,* 24 August 1970 Civil Session of WAYNE County Superior Court.

Plaintiff filed a complaint seeking a judgment against the defendant for injuries allegedly received as a result of negligence on the part of the defendant. The complaint was filed on 24 March 1970 and service was made on the defendant on 25 March 1970. The defendant did not file an answer or otherwise plead. On 27 April 1970, the plaintiff filed an affidavit and motion for default, and on the same day, the clerk entered a default against the defendant.

On 27 July 1970, the defendant filed an affidavit and motion to set aside the entry of default against the defendant, asserting that he had turned over the complaint to his insurance agent who assured him that a copy of the complaint would be sent to the insurance company who would take care of the matter; that after three weeks he checked again with his insurance

agent and was assured that everything was being taken care of; that he was next advised that an entry of default had been made against him; and that he does have a meritorious defense.

After holding a hearing on the motion on 24 August 1970, at which both parties presented evidence, Judge Peel filed an order on 3 September 1970 setting aside and vacating the entry of default under the provisions of Rule 55(d) of the North Carolina Rules of Civil Procedure. He made findings of fact in substantial conformity with those set forth in the affidavit of the defendant, and then made conclusions of law to the effect that defendant's failure to answer the complaint was due to excusable neglect; that defendant has a meritorious defense to the cause of action alleged in the complaint; that there have been no intervening equities that would prejudice plaintiff by allowing defendant to file an answer; and that defendant, under the provisions of Rule 55(d), has shown good cause in support of his motion to set aside the entry of default.

From the order setting aside and vacating the entry of default, the plaintiff appeals to this Court.

*Henson P. Barnes and R. Gene Braswell by R. Gene Braswell for plaintiff appellant.*

*Taylor, Allen, Warren & Kerr by John H. Kerr III, for defendant appellee.*

CAMPBELL, Judge.

Plaintiff assigns as error (1) the conclusion of law of the trial judge to the effect that the defendant's failure to file an answer was the result of excusable neglect; and (2) the action of the trial judge in granting the motion to set aside and vacate the entry of default against the defendant.

When an entry of default has been made by the Clerk of the Superior Court, a motion to vacate that entry is governed by the provisions of Rule 55(d) of the North Carolina Rules of Civil Procedure, which became effective 1 January 1970. Rule 55(d) provides as follows:

"(d)   *Setting aside default.*—For *good cause* shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." (Emphasis added).

Whaley v. Rhodes

[1] An entry of default is to be distinguished from a judgment by default. An entry is only an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter; 6 J. Moore, Federal Practice, par. 55.10[1], p. 1827 (2d Ed. 1966); and a court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment. Moore, *supra,* par. 55.10[2], p. 1831.

The "entry of default" has been characterized as a "ministerial duty." 2 McIntosh, N. C. Practice 2d, § 1668 (Supp. 1970).

The federal courts, in their application of Rule 55(d), have favored trials on the merits. In *Alopari v. O'Leary,* 154 F. Supp. 78 (E.D. Pa. 1957), the court stated:

" . . . A motion to set aside a default is addressed to the discretion of the court. Any doubt should be resolved in favor of setting aside defaults so that the cases may be decided on their merits. In view of the lack of any substantial prejudice to plaintiff, the claim of a meritorious defense, and the absence of any gross neglect on the part of defendant, the default will be set aside."

See also *Mitchell v. Eaves,* 24 F.R.D. 434 (E.D. Tenn. 1959).

In *Teal v. King Farms Co.,* 18 F.R.D. 447 (E.D. Pa. 1955), Chief Judge Kirkpatrick set forth some of the distinctions between setting aside an entry of default and setting aside a default judgment.

"A default, but no judgment having been entered, the defendant's motion is governed by the first clause of Fed. Rules Civ. Proc. rule 55(c), 28 U.S.C. which is 'For good cause shown the court may set aside an entry of default * * .' The rules evidently make a distinction between what is required to make a good case for setting aside a default and what is required to set aside a judgment. The latter specifies 'mistake, inadvertence, surprise, or excusable neglect.' This has been construed to mean that the mistake, inadvertence, or surprise, as well as neglect, must be excusable in order to give the Court the power to set aside the judgment.

To set aside a default all that need be shown is good cause. There would be no reason for the distinction unless

Rule 55(c) intended to commit the matter entirely to the discretion of the Court, to be exercised, of course, within the usual discretionary limits. Thus, I think that inadvertence, even if not strictly 'excusable,' may constitute good cause, particularly in a case like the present where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant."

It is clear, under the federal cases, that a determination of whether or not good cause exists rests in the sound discretion of the trial judge, and that the facts and circumstances of the particular case govern. *Elias v. Pitucci,* 13 F.R.D. 13 (E.D. Pa. 1952). See also *Mitchell v. Eaves, supra; Kulakowich v. A/S Borgestad,* 36 F.R.D. 185 (E.D. Pa. 1964). An action of the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown. *Welch v. Kearns,* 261 N.C. 171, 134 S.E. 2d 155 (1964).

[2] In the present case the facts are sufficient to warrant a conclusion by the trial judge that the defendant has shown good cause for his failure to file an answer. Accordingly, the action of the trial judge in vacating the entry of default must be upheld.

[3] It should be pointed out that there is no necessity for a finding of excusable neglect in granting a motion to set aside and vacate the entry of default, hence plaintiff's assignment of error directed at the trial judge's conclusion that excusable neglect existed is to no avail, and such finding was surplusage and though erroneous is not prejudicial.

For the reasons stated, the action of the trial court in setting aside and vacating the entry of default is,

Affirmed.

Judges BRITT and HEDRICK concur.