NANCY VARNER HUBBARD v. BARBARA GANTT LUMLEY AND DONALD HOWARD HUBBARD

No. 7321SC154

(Filed 28 March 1973)

1. **Rules of Civil Procedure § 55— setting aside entry of default — good cause — no error**

The trial court did not err in setting aside entry of default against defendant where defendant's failure to file his answer on time was due to uncertainty as to whether defendant's insurer was responsible for his defense in the suit, where there was a mistake between defendant and the insurer as to when the answer was due and where an answer was filed promptly upon learning of the mistake two days after the final date on which to file.

2. **Rules of Civil Procedure §§ 55, 60— setting aside entry of default — governing rule**

Any reference to or discussion of Rule 60 by defendant in his motion to set aside and vacate entry of default was unnecessary and surplusage because defendant's motion was governed by Rule 55(d), not Rule 60 governing the setting aside of judgment by default.

3. **Rules of Civil Procedure § 6— entry of default set aside — necessity of motion for enlargement of time to file answer**

Where the trial judge concluded that defendant's failure to answer was a result of "excusable neglect," set aside entry of default and ordered that defendant's answer be filed and remain of record, it was not necessary that defendant file a Rule 6(b) motion for enlargement of time to file answer, though that would have been the better practice.

APPEAL by plaintiff from *Wood, Judge,* in chambers, 6 July 1972, in FORSYTH County Superior Court.

Plaintiff instituted this civil action against defendants in which she sought to recover damages for injuries received in a collision between the automobile in which she was riding, driven by her husband, defendant Donald Howard Hubbard, and an automobile driven by defendant Barbara Gantt Lumley. A summons and complaint were served on defendant Hubbard on 11 May 1972 and after defendant Hubbard failed to file an answer within 30 days as required by Rule 12(a)(1) of the North Carolina Rules of Civil Procedure, plaintiff's counsel petitioned the Clerk of Superior Court of Forsyth County for entry of default on 14 June 1972. On 14 June 1972 at 8:21 a.m., default was entered against defendant Hubbard and at 11:47 a.m. that same day an answer on behalf of defendant Hubbard was filed. Also on 14 June 1972, defendant Hubbard filed a motion (amended 26 June 1972) to set aside entry of default and asking the court not to enter judgment by default against him.

The matter was heard by Judge Wood and from his order of 6 July 1972 that the entry of default against defendant be set aside and vacated, that defendant's answer be permitted to be filed, and that plaintiff's motion for judgment by default be denied, plaintiff appealed.

Defendant Lumley filed a timely answer denying any negligence and is not involved in this appeal.

*Hudson, Petree, Stockton, Stockton and Robinson, by Norwood Robinson, for plaintiff appellant.*

*Deal, Hutchins and Minor, by John M. Minor and William K. Davis, for defendant appellee.*

MORRIS, Judge.

Plaintiff asserts that the trial judge abused his discretion in setting aside and vacating entry of default against defendant Hubbard.

When an entry of default has been made by the Clerk of Superior Court, a motion to set aside and vacate that entry is governed by the provisions of Rule 55(d) of the North Carolina Rules of Civil Procedure which provide as follows:

"(d) *Setting aside default.*—For *good cause* shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." (Emphasis added.)

The determination of whether good cause exists under Rule 55(d) rests in the sound discretion of the trial judge and his ruling will not be disturbed unless a clear abuse of discretion is shown. *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970).

In support of his motion to set aside and vacate entry of default, defendant Hubbard asserted by way of affidavit that on 30 March 1972, he and his wife, the plaintiff, had a conference with attorney Norwood Robinson regarding the accident and the injuries plaintiff wife had received, and the potential lawsuit for recovery of her damages. Mr. Robinson then informed defendant Hubbard that the facts indicated that he, Hubbard, might be a defendant in any action brought by Mrs. Hubbard. Hubbard then wrote a letter to Mr. Robinson stating that he did not consider that the attorney-client relationship existed between them and released Mr. Robinson from any obligation Mr. Robinson might have owed him by virtue of defendant's having talked with him. About a week after the complaint and summons had been served on defendant Hubbard, he took them to Mr. R. D. Jackson of Aetna Life and Casualty Company, who advised him that his insurance policy excluded coverage as between persons related by marriage and that Aetna was not responsible for any coverage nor defense against suit by plaintiff wife. Defendant Hubbard later read his policy

carefully and found it had an SP-23 endorsement which, in his opinion, did make Aetna responsible for providing him with a defense. Realizing that time within which answer should be filed was about to expire, he called Jackson on the 5th or 6th of June 1972 and informed him of the SP-23 endorsement. Jackson then checked with the St. Louis office of Aetna and informed defendant Hubbard on 12 June 1972 that the St. Louis office had directed him to furnish defendant with a defense. Later that day Jackson directed defendant Hubbard to go see attorney Grady Barnhill in regards to the matter at 9:30 a.m., 14 June 1972. At the meeting with Mr. Barnhill, defendant was informed that since Mr. Barnhill's firm was representing Mrs. Lumley and Allstate in the suit, arrangements had been made with Deal, Hutchins and Minor to represent him in the matter.

Defendant Hubbard further asserted by way of affidavit facts that tended to show that defendant Lumley was solely responsible for causing the accident and that he had a meritorious defense.

The affidavit of R. D. Jackson was also introduced at the hearing which tended to show that defendant Hubbard brought him the complaint and summons on 17 May, and since defendant had called him earlier that day informing him of the lawsuit, he assumed that defendant had been served on 17 May 1972 and noted that date in his file. Jackson stated that he was further informed that after defendant Hubbard had been taken to the office of attorney John Minor by Mr. Barnhill, Mr. Minor found that the summons and complaint had been served on Mr. Hubbard on 11 May instead of 17 May, and that immediately upon ascertaining the date of service, an answer was drafted and filed by Mr. Minor at about 11:30 a.m., 14 June 1972, at which time it was found that entry of default had been placed on record by Mr. Norwood Robinson, counsel for plaintiff wife.

The trial judge made findings of fact which in substance conform with those set forth in the affidavits and then made the following conclusions of law:

"1. That defendant Hubbard's failure to answer the Complaint prior to June 14, 1972, was the result of excusable neglect, within the provisions of Rule 60, North Carolina Rules of Civil Procedure; and

2. That, in its discretion, the Court concludes that good cause has been shown, in accord with Rule 55, North Carolina Rules of Civil Procedure, to set aside and vacate the entry of default against the defendant Hubbard as appears of record, and to permit said defendant's Answer to remain filed; and

3. That defendant Hubbard has a meritorious defense to the cause of action alleged in the Complaint; and

4. That there have been no intervening equities that would prejudice plaintiff by allowing defendant Hubbard's Answer to remain filed."

[1]  We feel that the facts in this case are sufficient to warrant the conclusion of the trial judge that defendant had shown good cause for his failure to file his answer on time. There was some uncertainty as to whether defendant Hubbard's insurer was responsible for his defense in the suit, and there was a mistake between defendant and the insurer as to when the answer was due. Upon learning of the mistake an answer was promptly filed on 14 June 1972, only two days late, since the final date on which to file fell on a Saturday, 10 June 1972.

[2]  In moving to set aside and vacate entry of default, defendant Hubbard referred to Rule 60 as well as Rule 55 and the trial judge concluded that defendant Hubbard's failure to file his answer on time "was the result of excusable neglect, within the provisions of Rule 60." Any reference to or discussion of Rule 60 in this case was unnecessary and surplusage, because defendant's motion was to set aside and vacate entry of default which is governed by Rule 55(d). The case in no way dealt with a motion to set aside judgment by default which would be governed by the provisions of Rule 60, "excusable neglect" being one of the grounds listed under Section (b) which would justify the granting of such a motion. See *Whaley v. Rhodes, supra.*

> "An entry of default is to be distinguished from a judgment by default. An entry is only an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter; (citation omitted) ; and a court might feel justified in setting aside an entry of default on a showing that would not move it to set aside a default judgment. (citation omitted.) *Whaley v. Rhodes, supra,* p. 111.

**[3]**   Plaintiff also contends that the trial judge erred in permitting defendant to file his answer, arguing in her brief that to date no request for an enlargement of time to file an answer has been made under Rule 6(b). In *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55 (1972), cert. denied, 282 N.C. 425, 192 S.E. 2d 835 (1972), this Court upheld an order vacating entry of default but stated through Judge Brock the following at page 394:

> "Before depositing its answer with the clerk defendant did not move under Rule 6(b) for enlargement of time to file answer, therefore, its tardily deposited answer did not constitute a bar to the entry of default. Under the circumstances, the answer was merely proffered for filing. Defendant has not yet made a motion under Rule 6(b) for enlargement of time to file answer, and, therefore, no answer has been filed."

However, in Crotts, the trial judge only set aside and vacated entry of default and made no order permitting the movant to file his answer as was done in the case before us.

Under Rule 6(b) a judge may permit an enlargement of time to file an answer after the expiration of the specified period "where the failure to act was the result of *excusable neglect*." (Emphasis added.) The trial judge did conclude that defendant's failure to answer was a result of "excusable neglect" [although he did so under Rule 60(b)]. This, with the fact that he ordered the answer to be filed and remain of record, makes the filing of a 6(b) motion unnecessary in this instance. It would have been preferable, however, for defendant Hubbard to have coupled his motion to set aside and vacate entry of default under Rule 55(d) with a motion to enlarge the time in which to file answer under Rule 6(b).

The order of the trial judge is

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.