JUANITA HOWELL, BY HER GUARDIAN AD LITEM, THOMAS L. HOWELL, AND THOMAS L. HOWELL, INDIVIDUALLY v. JOHN HALIBURTON, d/b/a BEBBER'S GROCERY, JOHN HALIBURTON, INDIVIDUALLY, AND THE PEPSI-COLA BOTTLING COMPANY OF WINSTON-SALEM, INC.

No. 7422SC175

(Filed 5 June 1974)

1. Rules of Civil Procedure § 55— setting aside entry of default — discretion of court

Whether good cause exists to set aside an entry of default pursuant to Rule 55(d) is a matter addressed to the sound discretion of

the trial court, and its ruling will not be disturbed unless a clear abuse of discretion is shown.

2. **Judgments § 24; Rules of Civil Procedure § 55— entry of default — delivery of suit papers to insurer — failure to check on case**

The trial court did not err in refusing to set aside an entry of default against defendant bottling company where the court found that defendant transmitted the complaint and summons to its products liability insurer on the day of service, the insurer took no action to answer or otherwise defend the lawsuit, and defendant paid no further attention to the lawsuit until learning of the entry of default some eight months later.

APPEAL by defendant, Pepsi-Cola Bottling Company of Winston-Salem, Inc., from order of *Collier, Judge,* 13 September 1973 Session of Superior Court held in ALEXANDER County.

Civil action for damages resulting from alleged breach of warranty and negligence. By complaint filed 24 August 1972, plaintiffs alleged their damages were caused when a bottle of Pepsi-Cola, purchased at Bebber's Grocery and bottled by Pepsi-Cola Bottling Company of Winston-Salem, Inc. (Bottling Co.), exploded on 12 April 1970, injuring the minor plaintiff's eye. Defendant Haliburton, individually and d/b/a Bebber's Grocery, filed answer in apt time and is not a party to this appeal. Summons and complaint were served on defendant Bottling Co. on 28 August 1972, but said defendant failed to answer or otherwise plead. Such service and its failure to plead being made to appear by affidavit, on 16 November 1972 the clerk of superior court entered default against defendant Bottling Co. On 16 July 1973 defendant Bottling Co. filed motion pursuant to Rule 55(d) to set aside the entry of default and to be allowed to file answer. On 20 September 1973 the trial court, having considered the pleadings, affidavits, and arguments of counsel, found that defendant Bottling Co. had not shown good cause for setting aside the entry of default and denied the motion "in the discretion of the court." Defendant Bottling Co. appealed.

*Chambers, Stein, Ferguson & Lanning by Fred A. Hicks for plaintiff appellees.*

*Mraz, Aycock, Casstevens & Davis by Frank B. Aycock for defendant appellant.*

PARKER, Judge.

[1]    Whether good cause exists to set aside an entry of default pursuant to Rule 55(d) is a matter addressed to the sound discretion of the trial court, *Acceptance Corp. v. Samuels,* 11 N.C.

App. 504, 181 S.E. 2d 794, and its ruling will not be disturbed unless a clear abuse of discretion is shown, *Hubbard v. Lumley,* 17 N.C. App. 649, 195 S.E. 2d 330. On the facts of this case, no abuse of discretion has been shown.

[2]  The affidavits presented by defendant Bottling Co. in support of its motion indicated that plaintiffs' summons and complaint were served upon Donald L. McCollum, appellants' assistant secretary-treasurer, on 28 August 1972. That same day, McCollum, in accordance with the claim reporting procedure of appellant's products liability insurer, Appalachian Insurance Company, reported plaintiffs' claim to Appalachian by a long distance phone call and mailed the summons and complaint to Appalachian. After 28 August 1972, neither McCollum nor any other officer or employee of defendant Bottling Co. had anything further to do with the matter until receipt of a letter, dated 3 May 1973, from plaintiffs' counsel advising of the 16 November 1972 entry of default. After 28 August 1972, Appalachian took no affirmative action to answer or otherwise defend in the case until, after being advised on 7 May 1973 of the entry of default, it contacted local counsel on 28 or 29 June 1973 to attend to the matter.

These facts, which were substantially reflected in the trial court's findings of fact, do not compel a conclusion that appellant demonstrated good cause to have the entry of default set aside. Defendant Bottling Co., after transmitting plaintiffs' complaint and summons to Appalachian on the day of service, paid no further attention to the lawsuit until more than eight months later. Such continued inattention distinguishes the instant case from the situations presented in *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735, and in *Hubbard v. Lumley, supra.* When the trial court exercises its discretion in considering a motion to set aside an entry of default, it is entirely proper for the court to give consideration to the fact that default judgments are not favored in the law. At the same time, however, it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity.

No abuse of the trial court's discretion being here shown, the order appealed from is

Affirmed.

Judges VAUGHN and CARSON concur.