ILA MILLER v. BILLY RAY MILLER AND FRANCES MILLER

No. 7410DC512

(Filed 18 December 1974)

**Rules of Civil Procedure § 55— setting aside entry of default — discretion of court**

A determination of the existence of good cause for setting aside an entry of default under Rule 55(d) rests in the sound discretion of

the trial judge, and his ruling will not be disturbed unless a clear abuse of discretion is shown.

APPEAL by plaintiff from *Barnette, Judge,* 11 February 1974 Session of District Court held in WAKE County. Argued before the Court of Appeals 24 September 1974.

On 7 November 1973 plaintiff filed a complaint seeking recovery of actual and punitive damages for the malicious destruction by defendants of a hedge situated on plaintiff's land. Defendants are neighbors and adjoining property owners. Plaintiff complains that she began growing a hedge along her property line in 1967; that the hedge reached a height of five to nine feet; and that defendants cut down the hedge while plaintiff was absent from her house.

Defendants failed to file an answer to the complaint, and on 4 January 1974, on the motion of plaintiff, default was entered. On 9 January 1974 defendants filed a motion to set aside the entry of default. Defendants alleged that after being served with the summons and complaint, they met with town officials of Garner who advised them that the Town of Garner would handle the suit against defendants. Defendants filed an affidavit in support of their motion to set aside the entry of default, averring that officials of the Town of Garner told them that plaintiff's hedge grew on an easement of the Town of Garner and that town officials gave them permission to cut down the hedge. Plaintiff responded with an affidavit controverting defendants' allegations. The cause subsequently was heard by Judge Barnette, who vacated the entry of default. The plaintiff appeals.

*L. Phillip Covington, for the plaintiff-appellant.*

*Clyde A. Douglass II for the defendants-appellee.*

BROCK, Chief Judge.

Rule 55 (d) of the North Carolina Rules of Civil Procedure provides that

"[f]or *good cause* shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with rule 60 (b)." (Emphasis added.)

It is well settled that an entry of default is to be distinguished from a judgment by default. *Whaley v. Rhodes,* 10 N.C.

App. 109, 177 S.E. 2d 735. An entry of default is made by the clerk of court and has been characterized as a "ministerial duty." *See* 2 McIntosh, N. C. Practice 2d, § 1668 (Supp. 1970). Courts generally favor giving every litigant a fair opportunity to present his side of a disputed controversy.

We have repeatedly held that a determination of the existence of good cause under Rule 55(d) rests in the sound discretion of the trial judge. His ruling will not be disturbed unless a clear abuse of discretion is shown. *Whaley v. Rhodes, supra; Hubbard v. Lumley,* 17 N.C. App. 649, 195 S.E. 2d 330; *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 181 S.E. 2d 794. We find no abuse of discretion in the ruling questioned by plaintiff.

Affirmed.

Judges PARKER and MARTIN concur.