CALVIN E. PEEBLES v. HAROLD MOORE

No. 7910SC1163

(Filed 2 September 1980)

1. **Rules of Civil Procedure § 55— entry of default – written motion not required – effect of untimely answer**

   There was no merit to defendant's contention that entry of default was improperly entered because there was no written motion for entry of default

Peebles v. Moore

and because his answer, though untimely, constituted a bar to the entry of default, since the use of a written motion is not mandatory; and an untimely answer is accepted by the clerk only as a "proffered" filing, and as such never becomes a part of the record absent a proper motion to extend the time for filing; and defendant did not plead or otherwise appear within the thirty days allowed to respond to plaintiff's complaint.

2. **Rules of Civil Procedure § 55.1—failure to set aside default—abuse of discretion**

In an action to recover damages for personal injuries allegedly due to defendant's negligence, the trial court abused its discretion in failing to set aside an entry of default where defendant's failure timely to file his answer was due to an inadvertence on the part of defendant's insurer and not due to any fault of his own; defense counsel promptly filed an answer upon discovering that a mistake had been made; defendant's delay in filing answer did not prejudice plaintiff; and allowing default would do an injustice to defendant.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 13 September 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 19 May 1980.

On 24 January 1979 plaintiff commenced this action to recover damages for personal injuries allegedly due to defendant's negligence. Defendant answered on 6 March 1979, thirty-seven days after being served with the complaint on 28 January 1979. In his answer, defendant denied the material allegations in the complaint, and pleaded plaintiff's contributory negligence. On 9 April 1979, pursuant to G.S. 1A-1, Rule 55(a) of the North Carolina Rules of Civil Procedure, default was entered by the Assistant Clerk of Superior Court, Wake County. On that same day, plaintiff filed a reply to defendant's allegation of contributory negligence, alleging that defendant had the last clear chance to avoid injury to plaintiff but failed to do so. On 24 April 1979, defendant moved to set aside the entry of default on the grounds that defendant's failure to answer timely was due to inadvertence, that defendant had a meritorious defense to plaintiff's claim, and that defendant's tardiness in answering the complaint caused plaintiff no prejudice. Before hearing on defendant's motion to set aside entry of default, plaintiff moved on 4 May 1979 for judgment by default, supported by his sworn affidavit.

On 22 May 1979, defendant filed the affidavit of John F. Hester, Claims Attorney for Nationwide Mutual Insurance

Company, defendant's automobile liability insurance carrier, in support of his claim of inadvertence. That affidavit stated as follows:

1. The undersigned did receive notice of the lawsuit styled herein and called the offices of Ragsdale & Liggett on February 9, 1979. On such occasion, he spoke to the secretary to Mr. George R. Ragsdale, to whom defense of the case would be assigned. He gave the name of the case to the secretary and informed her that he would be sending the file to the office of Ragsdale & Liggett in about seven days.

2. On February 12, 1979, some three days later, some unknown employee of Nationwide who works in the Office Personnel Department, whose job it was to retrieve files from the Claims Department, removed the file in the above-entitled case from the desk of the undersigned. The removal of the file was unknown to the undersigned.

3. The removal of the file and the fact that Answer was not filed within the time allowed by law did not come to the attention of the undersigned until March 5, 1979, when the undersigned received a telephone call from the plaintiff's attorney. The undersigned telephoned Mr. George R. Ragsdale on that date and Answer was filed the following day.

4. The removal of the file from the desk of the undersigned effectively prevented the case from being placed on Nationwide's automatic diary. Had the case been diaried, the whereabouts of the file would have automatically surfaced well in advance of the time for Answer and the proposed plans to assign the case to Mr. Ragsdale's firm and instruct him to answer within the time allowed by law would have been accomplished. The action of an employee in Office Personnel, unknown to the undersigned, is the event which occasioned the default, and is entirely inadvertent and accidental.

On 13 September 1979, the trial court entered an order denying defendant's motion to set aside entry of default on the ground that defendant had not shown good cause. In addition, the trial court granted plaintiff's motion for judgment by de-

fault on the issue of liability, based on defendant's failure to plead or otherwise appear in the time allowed by law. The issue of damages was held for future determination. On 14 September 1979, defendant filed notice of appeal.

*Sanford, Adams, McCullough and Beard, by J. Allen Adams and William George Pappas, for plaintiff appellee.*

*Ragsdale and Liggett, by George R. Ragsdale and Jane Flowers Finch, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant's first assignment of error is to the trial court's entry of default against him. Defendant argues that there is no record of a written motion for entry of default having been filed with the clerk, and that his answer, although untimely, constituted a bar to the entry of default. We believe, however, that entry of default was proper.

With respect to the necessity of a written motion for entry of default, under Rule 55, "[w]hile it may be better practice to file a written motion, ... the use of a written motion is [not] mandatory." *Sawyer v. Cox*, 36 N.C. App. 300, 304, 244 S.E. 2d 173, 176, *cert. denied*, 295 N.C. 467, 246 S.E. 2d 216 (1978). Default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment ... and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or *otherwise* ... ." (Emphasis added.) G.S. 1A-1, Rule 55(a) (1979 Cum. Supp.)

Defendant cites several decisions which purportedly support the proposition that "when an answer has been filed, whether before or after the time for answering had expired, so long as it remains filed of record, the clerk is without authority to enter a judgment by default." *White v. Southard*, 236 N.C. 367, 368, 72 S.E. 2d 756, 757 (1952); *Rich v. R.R.*, 244 N.C. 175, 92 S.E. 2d 768 (1956); *Bailey v. Davis*, 231 N.C. 86, 55 S.E. 2d 919 (1949). These decisions turn on the principle that the filing of an answer divests the clerk of jurisdiction to act upon a request to enter default, and that for the clerk to obtain jurisdiction, the

answer must be removed from the record by a motion to strike the answer. Without so moving, a plaintiff was said to have waived his right to move for entry of default.

Decisions under the modern Rules of Civil Procedure appear to have modified this procedure. In *Crotts v. Pawn Shop, Inc.*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972), defendant filed its answer twelve days after expiration of the time allowed by Rule 12(a)(1) for filing answer. On plaintiff's appeal from the trial court's setting aside entry of default against defendant, Judge Brock (later Chief Judge), for this Court, stated:

> Before depositing its answer with the clerk defendant did not move under Rule 6(b) for enlargement of time to file answer, therefore, its tardily deposited answer did not constitute a bar to the entry of default. Under the circumstances, the answer was merely proffered for filing. Defendant has not yet made a motion under Rule 6(b) for enlargement of time to file answer, and, therefore, no answer has been filed.

16 N.C. App. at 394, 192 S.E. 2d at 56.

There is a critical difference between the decisions cited by defendant and *Crotts*. In *Bailey v. Davis, supra,* for example, the Court recognized an untimely answer, although not filed "within the meaning of the law," as a method of shifting the burden to the plaintiff to move to strike the answer from the record. In *Crotts*, however, the Court held that an untimely answer is accepted by the Clerk only as a "proffered" filing, and as such never becomes part of the record, absent a proper motion to extend the time for filing. We believe the analysis in *Crotts* is the better reasoned view and is in keeping with the spirit of the time limits of the Rules of Civil Procedure. This procedure both requires adherence to the time limits imposed as a house-keeping function and provides a suitable remedy for the litigant who may inadvertently fail timely to plead.

Two recent decisions by this Court suggest a modification to the rule in *Crotts*. In *Furniture House, Inc. v. Ball*, 31 N.C.

Peebles v. Moore

App. 140, 228 S.E. 2d 475 (1976), we held that the service of answer is both a "pleading" and an "appearance" for purposes of Rule 55, which provides that default can be entered only if defendant fails to "plead" or is otherwise subject to default and that default judgment can be entered only if defendant fails to "appear". Similarly, in *Roland v. Motor Lines, Inc.*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977), we concluded that a letter, sent by defendant to plaintiff's attorney and the clerk of court acknowledging plaintiff's complaint and setting out reasons for its denial of plaintiff's claim, constituted an "appearance" for the purposes of Rule 55, thus barring the entry of default judgment. In both decisions, the appearance was performed within 30 days after service of summons and complaint upon the defendant. Although the nature of response required of a defendant has been expanded by these decisions to include certain actions which constitute an appearance, strict adherence to the 30-day limitation still obtains.

In the case before us, defendant did not plead or otherwise appear within the time allowed to respond to plaintiff's complaint. We, therefore, conclude and so hold that sufficient grounds existed upon which to enter default.

The recent decision of *Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101 (1980), supports this result. There, our Supreme Court held that for the purposes of summary judgment, a defendant's failure to file answer does not constitute a conclusive admission of the allegations in a plaintiff's complaint. The Court, however, in distinguishing summary judgment from default, stated:

> [W]e do not suggest that a defendant may simply refuse to answer plaintiff's complaint and thereby indefinitely forestall litigation. If after he receives the complaint and summons, defendant fails to file answer within the 30 day period as required by G.S. 1A-1 Rule 12(a) (1) plaintiff may move for entry of default under G.S. 1A-1 Rule 55(a), and thereafter seek judgment by default under G.S. 1A-1 Rule 55(b). Rule 55(a) provides specifically that entry of default would have been appropriate here. In its pertinent part, Rule 55(a) provides as follows:

"(a). ENTRY. When a party against whom a judgment for affirmative relief is sought has failed to plead ... and that fact is made to appear by affidavit [or] motion of attorney for the plaintiff, ... the clerk shall enter his (the party failing to file) default."

In Wright and Miller, Federal Practice and Procedure: Civil, § 2688, it is stated:

"Once the default is established defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default ... and, failing that, to contest the amount of recovery." (*See Harris v. Carter*, 33 N.C. App. 179, 234 S.E. 2d 472 (1977) holding G.S. 1A-1 Rule 55 to be the counterpart to Federal Rules of Civil Procedure Rule 55.)

When default is entered due to defendant's failure to answer, the substantive allegations raised by plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment are deemed admitted. *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509, 181 S.E. 2d 794, 798 (1971). However, following entry of default in favor of plaintiff, defendant is entitled to a hearing where he may move to vacate such entry. His motion to vacate is governed by the provisions of G.S. 1A-1 Rule 55(d) which provides as follows:

"(d) SETTING ASIDE DEFAULT. For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."

In moving for relief of judgment pursuant to Rule 55(d), the burden is on the defendant, as the defaulting party, not to refute the allegations of plaintiff's complaint, nor to show the existence of factual issues as in summary judgment, but to show *good cause* why he should be allowed to file

answer to plaintiff's complaint. *See Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970).

299 N.C. at 720-21, 264 S.E. 2d at 105. It is obvious that defendant's position is inconsistent with the holding in *Bell v. Martin, supra.* In light of *Crotts* and *Bell* we conclude that defendant's untimely answer did not constitute a bar to the entry of default and that entry of default was proper.

We next consider the propriety of the denial of defendant's motion to set aside entry of default.

An entry of default is an interlocutory and ministerial act, *Battle v. Clanton,* 27 N.C. App. 616, 220 S.E. 2d 97 (1975), and, therefore, is more easily set aside than a default judgment. While setting aside a default judgment under G.S. 1A-1, Rule 60(b) generally involves a showing of excusable neglect and a meritorious defense, *Dishman v. Dishman,* 37 N.C. App. 543, 246 S.E. 2d 819 (1978), to set aside an entry of default, all that need be shown is good cause. G.S. 1A-1. Rule 55(d); *Bell v. Martin, supra; Crotts v. Pawn Shop, Inc., supra; Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970). What constitutes "good cause" depends on the circumstances in a particular case, and within the limits of discretion, an inadvertence which is not strictly excusable may constitute good cause, particularly "where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant." *Whaley v. Rhodes, supra,* 10 N.C. App. at 112, 177 S.E. 2d at 737, *quoting Teal v. King Farms Co.,* 18 F.R.D. 447, 448 (E.D. Pa. 1955).

We certainly agree with plaintiff that the "rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Howell v. Haliburton,* 22 N.C. App. 40, 42, 205 S.E. 2d 617, 619 (1974). At the same time, however, we must recognize that "[c]ourts generally favor giving every litigant a fair opportunity to present his side of a disputed controversy." *Miller v. Miller,* 24 N.C. App. 319, 321, 210 S.E. 2d 438, 439 (1974). Inasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry

of default so that the case may be decided on its merits. *Howard v. Williams*, 40 N.C. App. 575, 253 S.E. 2d 571 (1979).

In a number of decisions, this Court has affirmed the setting aside of an entry of default.

In *Whaley v. Rhodes, supra,* plaintiff filed a complaint seeking damages based on defendant's negligence. Defendant did not answer. After the 30-day period for answering expired, plaintiff filed an affidavit and motion for default, and the clerk entered a default against the defendant. Defendant thereafter moved to set aside the entry of default, "asserting that he had turned over the complaint to his insurance agent who assured him that a copy of the complaint would be sent to the insurance company who would take care of the matter; that after three weeks he checked again with his insurance agent and was assured that everything was being taken care of; that he was next advised that an entry of default had been made against him . . . ." 10 N.C. App. at 109, 177 S.E. 2d at 736. The trial court, setting aside the entry of default, found *inter alia,* that there were no intervening equities that would prejudice plaintiff by allowing defendant to file an answer. This Court affirmed that determination, finding the facts supportive of the trial court's order.

In *Crotts v. Pawn Shop, Inc., supra,* this Court upheld the setting aside of default entered where defendant answered twelve days after the expiration of the time allowed to file responsive pleadings.

In *Hubbard v. Lumley,* 17 N.C. App. 649, 195 S.E. 2d 330 (1973), plaintiff served defendant with complaint and, after defendant failed to answer within 30 days, plaintiff moved for entry of default, which was granted. Defendant answered on the same day that default was entered, and moved to set aside entry of default. The trial court set aside entry of default and ordered that defendant's answer be filed. Affirming the setting aside of entry of default, the Court found that defendant's failure timely to plead was due to some uncertainty as to whether defendant's insurer was responsible for his defense, and there was some mistake between defendant and his insurer

as to when the answer was due. The Court noted that upon learning of the mistake, defendant promptly filed answer, two days late.

In *Miller v. Miller*, 24 N.C. App. 319, 210 S.E. 2d 438 (1974), defendants failed to file answer to plaintiff's complaint, and default was subsequently entered against him. Defendants moved to set aside the entry of default, alleging that after being served with the summons and complaint, they met with certain town officials who advised them that the town would handle the suit against them, the town apparently failing to defend the action. This Court upheld the trial court's setting aside the entry of default based on this inadvertence.

This Court has likewise affirmed the denial of a motion to set aside entry of default on numerous occasions. For instance, in *Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 264 S.E. 2d 395 (1980), defendant was served with complaint on 7 June 1978 and the suit papers were misplaced and not relocated until 12 July 1978, the day entry of default was made. We held that there was no abuse of discretion in the trial court's finding that such an inadvertence did not constitute "good cause". Similarly, in *Howell v. Haliburton, supra,* upon which plaintiff relies, defendant failed to answer or otherwise appear, and default was entered against it. On motion to set aside the entry of default, defendant showed by affidavit that after receiving the complaint and summons defendant notified its liability insurer and mailed the summons and complaint to the insurer. The insurer took no affirmative action to answer or otherwise defend the action until it was notified of the entry of default. Affirming, the Court noted particularly the fact that defendant's insurer paid no attention to the lawsuit until more than eight months after being notified of plaintiff's claim:

> Such continued inattention distinguishes the instant case from the situations presented in *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735, and in *Hubbard v. Lumley, supra.* When the trial court exercises its discretion in considering a motion to set aside an entry of default, it is entirely proper for the court to give consideration to the fact that default judgments are not favored in the law. At the same time,

however, it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity.

22 N.C. App. at 42, 205 S.E. 2d at 619.

**[2]** In the present case, we do not find the degree of inattention so evident in *Howell*. It appears, from the materials presented on motion to set aside entry of default, that defendant's failure timely to file his answer was due to an inadvertence on the part of defendant's insurer, and not due to any fault of his own. It further appears that defense counsel promptly filed an answer upon discovering that a mistake had been made.

Although such inadvertence may not be excusable, we believe that the circumstances of this case support a showing of sufficient cause to set aside entry of default. We find that the delay in answer did not prejudice plaintiff, and it appears that allowing default here would do an injustice to defendant. As in *Whaley*, we find in this case that the equities favor setting aside of default. In light of the general disfavor toward default, we find that the trial court abused its discretion in failing to set aside default, and we believe that justice will best be served by allowing this case to be tried on its merits. We, therefore, reverse the trial court's denial of defendant's motion to set aside entry of default and remand this case to the trial court for further proceedings not inconsistent with this opinion.

Our holding renders unnecessary review of the trial court's order granting plaintiff's motion for default judgment.

Reversed and remanded.

Judges CLARK and ERWIN concur.