GEORGE LUKE, Plaintiff v. OMEGA CONSULTING GROUP, LC, d/b/a OMEGA
CONSULTING GROUP, LLC, Defendant

No. COA08-521

(Filed 6 January 2009)

**1. Judgments— default—entry—refusal to set aside—lack of attention—advice of out-of-state counsel**

The trial court did not abuse its discretion in an action claiming unpaid sales commissions by refusing to set aside an entry of default. Defendant demonstrated a continuous lack of attention to the matter for a significant length of time; it was defendant's decision to consult with its Florida attorneys and not file a responsive pleading or take any action to avoid the entry of default.

**2. Evidence— motion in limine—default entry—trial on damages—evidence disputing liability—properly excluded**

The trial court did not err by granting plaintiff's motion in limine in a trial to determine damages following an entry of default in an employment dispute. Defendant's proffered evidence was an attempt to dispute its liability for liquidated damages, and defendant had waived its right to defend against liability through entry of default.

**3. Employer and Employee— nonjury trial on damages—findings and conclusions—no error**

There was no error in the trial court's judgment in a nonjury trial to determine damages in an employment dispute following entry of default. Plaintiff sufficiently stated a claim under the North Carolina Wage and Hour Act and was not required to refute defendant's defense; additionally, defendant waived its chance to assert good faith by not responding to the complaint.

Appeal by defendant from order entered 23 January 2008 by Judge Michael R. Morgan in Wake County Superior Court and judgment entered 29 January 2008 by Judge Henry W. Hight in Wake County Superior Court. Heard in the Court of Appeals 9 October 2008.

*Merritt, Flebotte, Wilson, Webb & Caruso, PLLC by Joy Rhyne Webb, for plaintiff appellee.*

*Steven A. Boyce for defendant appellant.*

LUKE v. OMEGA CONSULTING GRP., LC

[194 N.C. App. 745 (2009)]

McCULLOUGH, Judge.

Omega Consulting Group, LC, d/b/a Omega Consulting Group, LLC ("defendant") appeals from an order and judgment entered in favor of George Luke ("plaintiff"). Defendant contends that the trial court erred by (1) denying defendant's motion to set aside entry of default, (2) granting plaintiff's motion *in limine* to exclude evidence, and (3) entering judgment when the findings of fact were not supported by the evidence. For the reasons discussed herein, we affirm.

## I. Background

On 7 June 2007, plaintiff filed an amended complaint against defendant, his former employer, claiming that it owed him for unpaid sales commissions. Defendant furnishes consulting services for health care providers and has its principal office in Fort Lauderdale, Florida.

In February of 2002, plaintiff began working as an independent contractor for defendant. On 15 October 2002, the parties executed a written agreement entitled "Non-Exclusive Sales Representative Agreement" ("the agreement"). The agreement provided that plaintiff's territory was North Carolina and South Carolina and that he would be compensated by a monthly retainer fee and commission on the revenues derived from any consulting contract he developed for defendant. The agreement provided that his commission payments would be equal to five percent (5%) of the gross revenues derived from any contract he initiated and closed for defendant within his territory. The term of the agreement was from 15 October 2002 to 15 October 2003. The agreement would automatically renew each year unless terminated by either party with sixty (60) days written notice of the period's termination date or otherwise extended or shortened by an addendum signed by both parties. The agreement further provided that "[i]n the event that [defendant] declines to extend this Agreement past its original Term, except for a willful violation of any of the terms and conditions of this Agreement, [plaintiff] will be entitled to receive the Commissions for the balance of the Commission Period."

On or around 30 June 2003, plaintiff was hired by defendant as an employee. On 29 September 2004, plaintiff received a letter from defendant ("the termination letter"), stating that "our relationship with you as a Regional Representative is not working out. Effective immediately, your employment with Omega is terminated." The termination letter provided that plaintiff would continue to receive com-

mission on the revenues generated within his territory and the revenues generated from any additional contracts that he had initiated and were closed by defendant before 31 December 2004.

Plaintiff initially filed suit against defendant in August of 2005, alleging he was owed commissions on several accounts in his territory. He filed his amended complaint on 7 June 2006, and defendant was served by publication on 17 June 2006.

When defendant learned of plaintiff's lawsuit in North Carolina, it reviewed plaintiff's compensation records and consulted with its attorneys licensed in Florida. Defendant contends that when plaintiff became an employee after June of 2003, he began receiving an annual salary and his commission rate was reduced to 2.5%. During defendant's review of plaintiff's compensation records, it discovered that due to an employee error, plaintiff had continued to be paid a commission rate of 5% after being employed by defendant and as a result, had been overpaid by $32,766.70. After consulting with its Florida attorneys and determining that it did not owe plaintiff any compensation, defendant concluded that it would incur substantial costs in defending plaintiff's lawsuit. Defendant did not file a responsive pleading to plaintiff's complaint and plaintiff obtained an entry of default on 4 August 2006.

On 13 November 2006, plaintiff filed a motion for default judgment seeking $175,654.36 in damages. Defendant filed an answer and a motion to set aside entry of default on 13 December 2006. On 23 January 2007, the trial court denied defendant's motion to set aside entry of default and granted its motion for a jury trial on damages. Plaintiff's motion for summary judgment was subsequently denied.

On 11 January 2008, plaintiff filed a motion *in limine* to exclude the following evidence proffered by defendant: plaintiff was only entitled to a commission rate of 2.5% after July of 2003; plaintiff had been overpaid by defendant; plaintiff was not entitled to commission generated after his termination because he was terminated for poor performance; and plaintiff forfeited his commissions by willfully violating the terms and conditions of the agreement. After hearing arguments from both parties' counsel, the trial court granted the motion *in limine*. Both parties subsequently waived their requests for a jury trial. On 29 January 2008, the trial court filed a judgment, which contained its decision on plaintiff's motion in *limine,* and ordered defendant to pay plaintiff $167,771.61 in unpaid commissions and an equal amount in liquidated damages. Defendant appeals.

II. Motion to set aside entry of default

**[1]** Defendant's first assignment of error is that the trial court erred in denying its motion to set aside entry of default and argues that it showed good cause to support its motion. Defendant asserts that the decision not to respond to plaintiff's complaint was based on the advice of its Florida attorneys and should not have been imputed to defendant. We find that the trial court properly denied defendant's motion and affirm.

A trial court's decision of whether to set aside an entry of default, will not be disturbed absent an abuse of discretion. *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896 (1987). "A judge is subject to a reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 374, 432 S.E.2d 394, 398 (1993) (citation omitted).

Pursuant to Rule 55(d) of the North Carolina Rules of Civil Procedure, the trial court may set aside an entry of default for good cause. N.C. Gen. Stat. § 1A-1, Rule 55(d) (2007). "What constitutes 'good cause' depends on the circumstances in a particular case, and . . . an inadvertence which is not strictly excusable may constitute good cause, particularly 'where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.' " *Peebles v. Moore*, 48 N.C. App. 497, 504, 269 S.E.2d 694, 698 (1980) (citations omitted), *modified and affirmed*, 302 N.C. 351, 275 S.E.2d 833 (1981). "This standard is less stringent than the showing of 'mistake, inadvertence, or excusable neglect' necessary to set aside a default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)." *Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000) (citation omitted).

The defendant carries the burden of showing good cause to set aside entry of default. *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 487, 586 S.E.2d 791, 794 (2003). Our Court considers the following factors when determining if the defendant has shown good cause: "(1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action." *Automotive Equipment Distributors, Inc.*, 87 N.C. App. at 608, 361 S.E.2d at 896-97. This Court "give[s] consideration to the fact that default judgments are not favored in the law. . . . [I]t is also true that

rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Howell v. Haliburton*, 22 N.C. App. 40, 42, 205 S.E.2d 617, 619 (1974).

In this case, the trial court ordered an entry of default because defendant did not file an answer or attempt to defend against plaintiff's complaint. Defendant still claims that it was diligent in the matter because it consulted with its Florida attorneys and reviewed plaintiff's compensation records as soon as it became informed of plaintiff's suit in North Carolina. Defendant asserts that its decision not to respond to plaintiff's complaint was based on the advice of its out-of-state attorneys as well as its conclusion that plaintiff was not owed any further compensation. Furthermore, defendant argues that a "grave injustice" has occurred because it is now saddled with a $335,000.00 judgment when its records show that it overpaid plaintiff by $32,766.70.

The degree of attention or inattention shown by the defendant is a compelling factor in our consideration to set aside entry of default. *Brown*, 136 N.C. App. at 384, 524 S.E.2d at 590. In *Automotive Equipment Distributors, Inc.*, we found that the defendant had shown good cause to justify setting aside entry of default. 87 N.C. App. at 609, 361 S.E.2d at 897. In that case, the defendant had consulted with his attorney twice about a breach of contract action and his attorney agreed to file an answer. *Id.* at 608-09, 361 S.E.2d at 897. Due to a family emergency, the attorney did not file a responsive pleading and the court made an entry of default. *Id.* at 606, 361 S.E.2d at 895. We reversed and held that the defendant had demonstrated good cause reasoning that "when a defendant employs counsel and diligently confers with him and generally tries to keep informed of the proceedings, the attorney's negligence will not be imputed to the defendant." *Id.* at 609, 361 S.E.2d at 897.

In *Howell*, we affirmed the denial of defendant's motion to set aside entry of default. 22 N.C. App. at 42, 205 S.E.2d at 619. The defendant in *Howell* had informed his insurer that a complaint had been filed against him and mailed a copy of the complaint to his insurer. *Id.* at 42, 205 S.E.2d at 618-19. The insurer took no action, and there was no further contact between the defendant and his insurer until eight months later when plaintiff's counsel notified the defendant about the entry of default. *Id.* We affirmed the trial court's judgment and explained that we could not make a determination of good

cause due to the defendant's continued inattention to the suit for over eight months. *Id.*

Similar to the facts in *Howell*, defendant demonstrated a continuous lack of attention to the matter for a significant amount of time. Even though the trial court made the entry of default on 4 August 2006, defendant did not respond to the matter until 13 December 2006, after plaintiff had moved for default judgment. We cannot find that defendant acted diligently. Contrary to the facts in *Automotive Equipment Distributors, Inc.*, the trial court's entry of default was not solely attributable to the inaction of counsel. We acknowledge that defendant reviewed plaintiff's compensation records and consulted with its Florida attorneys after learning of the suit. However, it was defendant's decision not to file a responsive pleading or take any action to avoid the entry of default. Furthermore, defendant was being sued in North Carolina but did not attempt to consult with North Carolina counsel and instead conferred only with its Florida attorneys. *See Harrell v. Welstead*, 206 N.C. 817, 175 S.E. 283 (1934) (finding that the defendant's failure to answer was attributable to his own negligence because he entrusted his case to an attorney not licensed in North Carolina).

Defendant has failed to show the trial court abused its discretion when it denied its motion to set aside entry of default. The assignment of error is overruled.

### III. Motion *in limine* to exclude evidence

[2] Next, defendant argues that the trial court erred in granting plaintiff's motion *in limine* to exclude certain evidence at trial.[1] We disagree.

A motion *in limine* seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial" and is recognized in both civil and criminal proceedings. *State v. Tate*, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, *rev'd on other grounds*, 300 N.C. 180, 265 S.E.2d 223 (1980). A trial court's ruling on a motion *in limine* will not be reversed absent an abuse of discretion. *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998).

---

1. Plaintiff argues that defendant did not properly preserve this matter for appellate review. We find this issue to be properly preserved as the trial court's order specifically noted defendant's exception to this ruling.

When the trial court granted plaintiff's motion *in limine*, it excluded defendant from introducing the following evidence: (1) plaintiff forfeited his commissions by willfully violating the terms and conditions of the agreement; (2) plaintiff was not entitled to commission generated after his termination because he was terminated for poor performance; (3) plaintiff was only entitled to a 2.5% commission rate after he became an employee of defendant; and (4) plaintiff had been overpaid by defendant. Defendant contends that the proffered evidence was admissible because it pertained to the sufficiency of plaintiff's claim, the amount of damages, and defendant's good faith defense to liquidated damages.

When default is entered due to a defendant's failure to answer, the substantive allegations contained in plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment, are deemed admitted. *Blankenship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 767, 622 S.E.2d 638, 640 (2005). Upon entry of default, the defendant will have no further standing to defend on the merits or contest the plaintiff's right to recover. *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991). Defendant is, however, entitled to a hearing on the issue of damages. *Potts v. Howser*, 274 N.C. 49, 61, 161 S.E.2d 737, 746 (1968).

In the present case, defendant attempted to introduce evidence that plaintiff had forfeited his commissions by willfully violating the terms and conditions of the agreement and that he was terminated for poor performance. The agreement provides that, "[i]n the event that [defendant] declines to extend this Agreement past its original Term, *except for a willful violation of any terms and conditions of this Agreement*, [plaintiff] will be entitled to receive the Commissions for the balance of the Commission Period." (Emphasis added.)

Defendant argues that plaintiff's claim for unpaid commissions was insufficient because plaintiff did not assert that he did *not* willfully violate the agreement. Defendant's argument does not relate to the sufficiency of plaintiff's claim, but is an attempt by defendant to assert a defense after entry of default. Plaintiff sufficiently stated his claim for unpaid sales commissions under the North Carolina Wage and Hour Act and was not required to refute any defenses that had not been raised by defendant at that time. Furthermore, defendant has already been deemed to have admitted the following allegation contained in plaintiff's complaint: "Defendant Omega has no policy or practice that would call for the forfeiture of any such commission by

Plaintiff." Therefore, defendant is not permitted to introduce evidence contesting that allegation.

Similarly, the remaining evidence that defendant attempted to introduce was properly excluded by the trial court because defendant was attempting to defend on the merits of the case and refute plaintiff's allegations, which it was .deemed to have admitted. Defendant intended to show that plaintiff's commission rate was reduced to 2.5% after June of 2003 and that due to an employee error, plaintiff continued to be compensated at his previous commission rate of 5% and was overpaid by $32,766.70. However, plaintiff's complaint alleged that he was "entitled to the same commission rate he had previously had as an independent contractor, specifically commissions of five percent (5%) of Omega's gross revenues for sales made by Plaintiff." By nature of defendant's default, it was deemed to have admitted that fact, and therefore, is prohibited from providing evidence to the contrary.

Defendant also claims that it was entitled to present the excluded evidence as a good faith defense to liquidated damages. Under the North Carolina Wage and Hour Act, an employer is liable to the employee for liquidated damages in an amount equal to the wages due. N.C. Gen. Stat. § 95-25.22(a) (2007). The trial court is only permitted to reduce the award of liquidated damages if "the employer had reasonable grounds for believing that the act or omission was not a violation of this Article[.]" N.C. Gen. Stat. § 95-25.22(a1). Defendant's proffered evidence is an attempt to dispute its liability for liquidated damages. Defendant waived its right to defend against liability after default was entered. As such, the trial court properly granted plaintiff's motion *in limine*. The assignment of error is .overruled.

IV. Judgment

[3] Defendant asserts that the trial court's judgment filed on 29 January 2008, should be set aside and assigns error to many of the trial court's findings of fact and conclusions of law. We find no error and affirm the judgment of the trial court.

On an appeal from a judgment entered after a non-jury trial, this Court reviews the trial court's findings of fact for whether they are supported by competent evidence in the record. *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176, *disc. review denied*, 356

N.C. 434, 572 S.E.2d 428 (2002). We review the trial court's conclusions of law to determine if the conclusions are supported by the factual findings and are consistent with applicable law. *Id.*

Defendant assigns error to the finding of fact and conclusions of law which state that plaintiff is owed commissions by defendant. Defendant argues again that there was insufficient evidence to support this determination because plaintiff failed to show that he did not willfully violate the agreement. We have already held that plaintiff sufficiently stated a claim under the North Carolina Wage and Hour Act and was not required to refute this defense in order to recover from defendant.

Additionally, defendant assigns error to the finding of fact and conclusions of law which state that because defendant did not show that it failed to pay plaintiff in good faith, plaintiff was entitled to liquidated damages. As discussed above, defendant waived its right to introduce evidence of good faith. Thus, the trial court correctly determined that plaintiff was entitled to recover liquidated damages from defendant because it waived its chance to assert a good faith defense, by failing to respond to plaintiff's complaint. The assignment of error is overruled.

## V. Conclusion

For the reasons discussed above, we affirm the trial court's order and judgment.

Affirmed.

Judges TYSON and CALABRIA concur.

Concurred prior to 31 December 2008.