STATE OF NORTH CAROLINA v. C. RICHARD TATE

No. 7918SC599

(Filed 15 January 1980)

**1. Criminal Law § 21— motion in limine to exclude evidence**

A motion *in limine* to exclude prejudicial evidence comes within the purview of G.S. 15A-952(a).

**2. Criminal Law § 21— motion in limine to exclude evidence**

A motion *in limine* to exclude prejudicial evidence should be made only in those cases where the proposed evidence is material and substantial and a pretrial ruling is necessary to avoid prejudice at trial or is necessary to the preparation of the case for trial.

**3. Criminal Law §§ 21, 149— motion in limine to exclude evidence—no right of State to appeal**

Defendant's pretrial motion to exclude the results of a test on green vegetable matter on the ground that the test was not conducted in a scientific manner was a motion *in limine* rather than a motion to suppress pursuant to G.S. 15A-979 since the motion was not based on constitutional objections or on any substantial violation of G.S. Ch. 15A; therefore, the State had no right under G.S. 15A-1445 to appeal from the court's interlocutory order granting the motion.

Judge VAUGHN dissenting.

APPEAL by the State of North Carolina from *Davis (James C.), Judge.* Order entered 22 May 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 November 1979.

Defendant, an attorney, was charged with destroying marijuana, in the possession of Highway Patrolman E. F. Kelley, which was relevant to a criminal charge by the State against John Oren Gallman, III (a violation of N.C. Gen. Stat. § 14-221.1, a felony providing for a maximum prison term of five years).

Defendant made a "Motion to Suppress" a test and test results on a green vegetable matter made 10 July 1978 in the laboratory of the High Point Police Department which gave a positive reaction for marijuana. The stated ground for the motion was that the test was not conducted with sound scientific principles and was therefore inaccurate.

The State did not respond to the motion, offered no evidence, and made no argument. Defendant offered the affidavit of W. B. Byerly, Jr., who averred in substance that the test was conducted by use of a commercial chemical kit according to instructions therein, and that the test has no scientific acceptance as an accurate means for identifying marijuana.

The trial court considered defendant's motion as a *motion in limine* rather than a *motion to suppress*, found that the test has no scientific acceptance as a reliable means for identifying marijuana, and ordered that the test and test results not be admitted in evidence.

*Attorney General Edmisten by Special Deputy Attorney General Lester V. Chalmers and Assistant Attorney General Joan H. Byers for the State.*

*W. B. Byerly, Jr., and Walter E. Clark, Jr., for defendant appellee.*

CLARK, Judge.

N.C. Gen. Stat. § 15A-1445 specifically authorizes the State to appeal from an order of the trial court allowing a motion to suppress under N.C. Gen. Stat. § 15A-979. If the motion made by the defendant was a motion *in limine* to exclude evidence and under the facts does not also qualify as a more limited motion to suppress under N.C. Gen. Stat. § 15A-979, the State has no right of direct appeal, from the order, and the appeal must be dismissed. In such a situation the State may petition for a writ of certiorari under Rule 21 of the North Carolina Rules of Appellate Procedure, but this was not done in the instant case.

Article 53, Chapter 15A, General Statutes of North Carolina, as codified, is entitled "Motion to Suppress Evidence" and includes N.C. Gen. Stat. § 15A-971 through N.C. Gen. Stat. § 15A-979. The initial "Official Commentary" (based on the January 1973 report of the Criminal Code Commission) within the Article and following the title includes the following: "Ruling on a constitutional objection to admission of evidence during trial may require interrupting the course of the trial with a lengthy *voir dire*. . . . This Article prescribes a pretrial procedure for hearing motions to suppress evidence in the superior court. . . . Con-

State v. Tate

siderations of jeopardy required that a decision to suppress evidence precede the commencement of the trial if the State is to be afforded a right to appeal."

N.C. Gen. Stat. § 15A-974 in pertinent part provides:

"Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. . . ."

N.C. Gen. Stat. § 15A-979(d) provides: "A motion to suppress evidence made pursuant to this Article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974."

The statutes and Official Commentary within Article 53 support the conclusion that the State can appeal from an order allowing a motion to suppress only if the motion to suppress is made under the Article on constitutional objection or substantial violation of Chapter 15A.

In the case *sub judice*, defendant designated his motion as a "Motion to Suppress" but did not specify that it was an N.C. Gen. Stat. § 15A-979 motion. In the order appealed from, the trial court on request of defendant considered the motion to suppress as a motion *in limine*.

[1] *In limine* means: "On or at the threshold; at the very beginning; preliminarily." BLACK'S LAW DICTIONARY 896 (4th ed., 1957). The motion has been recognized and tacitly accepted in North Carolina by recent decisions, both civil and criminal, as a proper method for pretrial determination of the admissibility of evidence proposed to be introduced at trial. *See State v. Ruof*, 296 N.C. 623, 252 S.E. 2d 720 (1979); *Duke Power Company v. Mom 'N' Pops Ham House, Inc.*, 43 N.C. App. 308, 258 S.E. 2d 815 (1979); *State v. McCormick*, 36 N.C. App. 521, 244 S.E. 2d 433 (1978). Such motion comes within the purview of N.C. Gen. Stat. § 15A-952(a) which provides: "Any defense, objection, or request which is capable of being determined without the trial of the general issue may be raised before trial by motion." The motion

*in limine* to exclude prejudicial evidence is a useful pretrial procedure for avoiding the dilemma of having prejudice implanted in the minds of the jurors during trial by examination of witnesses, objections, and curative instructions from the trial judge. *See generally*, Annot., 63 A.L.R. 3d 311 (1975); 75 Am. Jur. 2d *Trial* § 165 (1974); Rothblatt and Leroy, *The Motion in Limine in Criminal Trials: A Technique for the Pretrial Exclusion of Prejudicial Evidence*, 60 Ky. L.J. 611 (1972); Comment, *The Motion In Limine*, 27 U. Fla. L. Rev. 531 (1975). We find no merit in the contention of the State that the trial court had no authority to suppress the evidence because defendant did not assert as grounds for suppression a constitutional objection or substantial violation of Chapter 15A as required by N.C. Gen. Stat. § 15A-974.

[2] It should be noted, however, that though the motion *in limine* to exclude prejudicial evidence is recognized and accepted in this State, the motion should be made by counsel only in those cases where the proposed evidence is material and substantial and a pretrial ruling is necessary to avoid prejudice at trial or is necessary to the preparation of the case for trial. The grounds for the motion should be clearly stated therein and supported when appropriate by affidavit or other material. A pretrial ruling on the motion is not required unless movant properly supports his claim that prejudice will result if the ruling is delayed until trial. *See* N.C. Gen. Stat. § 15A-952(f).

[3] A ruling on a motion *in limine* to exclude evidence on grounds other than those specified in N.C. Gen. Stat. § 15A-974 is an interlocutory order. In the case *sub judice* the defendant's motion, though designated a motion to suppress, was not a motion to suppress under N.C. Gen. Stat. § 15A-979. The motion was not based on constitutional objections nor on any substantial violations of Chapter 15A. The motion was correctly treated by the trial court as a motion *in limine* to exclude prejudicial evidence. The substantive question of whether the trial court erred in granting the motion is not now properly before this Court. Since the State had no right to appeal from the interlocutory order, the appeal is

Dismissed.

Judge HILL concurs.

State v. Tate

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I must note at the outset that the judge's actions in this matter are patently erroneous. Defendant was indicted for the felony of destroying evidence relevant to a criminal offense or court proceeding. As used in the statute, evidence means *any* article or document in the possession of a law enforcement officer or officer of the General Court of Justice being retained as evidence. G.S. 14-221.1. The indictment alleges that defendant destroyed evidence, marijuana, relevant to a criminal offense involving one John Oren Gallman that was being retained for introduction into evidence. Defendant may or may not have destroyed evidence being so held by the officer. At defendant's trial, however, the State will not be required to prove that the substance destroyed was, in fact, marijuana. The essence of the crime is the destruction of evidence being held for trial, not what the evidence might be.

It further appears to me that there is absolutely nothing in this record to sustain or justify the order entered, which is as follows:

"that no evidence of the test conducted in the High Point Police Department laboratory on 10 January 1979 upon the substance which the State contends is marijuana in its answer to the defendant's request for voluntary discovery and in the indictment in this matter nor any evidence of the result of said test shall be admitted into evidence upon the trial of this case nor shall the State make any mention of said test or the result thereof at the trial of this matter."

I next consider the nature of the motion under consideration. Defendant's motion to suppress was, in part, as follows:

"NOW COMES the defendant, by and through his counsel, W. B. Byerly, Jr. and Walter E. Clark, Jr., pursuant to Chapter 15A, Article 53, of the General Statutes of North Carolina, and moves to suppress evidence of a reported test on July 10, 1978, of green vegetable material in the police laboratory of the High Point Police Department. In support of his motion, defendant shows unto the Court. . . ."

In paragraph (4) of the order before us, the judge recites "During the hearing of this motion the defendant asked that his motion to suppress also be allowed and taken as a motion in limine and the Court has so considered this motion."

Article 53 of Chapter 15A provides the only express statutory procedure (in criminal cases) for the suppression of evidence prior to trial. A motion to suppress made under that article is, of course, a motion "in limine." Calling a motion to suppress a motion "in limine" does not change or otherwise describe the motion to suppress—it merely designates its threshold timing. The label simply points out *when* it is made, not what kind of motion it is or what it seeks to accomplish. Other than a motion to suppress under Article 53 of Chapter 15A, "North Carolina has no statutory provisions for such a motion [in limine]." *State v. Ruof*, 296 N.C. 623, 628, 252 S.E. 2d 720, 724 (1979). If defendant's motion to suppress evidence, made preliminarily, before trial and "in limine" was properly made, it was made under Article 53. The State, consequently, has the right to appeal. G.S. 15A-979.

There may be an instance when the judge can indicate preliminarily his views on the admissibility of certain evidence, not subject to exclusion under Article 53. Such a decision, however, is not irrevocable if, when put to test during the crucible of trial, the propriety of admissibility becomes more apparent to the judge and he elects to change his mind.

I respectfully suggest that the majority's reference to G.S. 15A-952 is misplaced. That section is a part of Article 52 entitled "Motions Practice" and deals with motion practice generally in criminal cases. It is, of course, true that G.S. 15A-952(a) provides that any "defense objection or request which is capable of being determined without the trial of the general issue may be raised before trial by motion." Article 53 is, in my view, consistent with this section and details the procedure to be followed when the "objection" or "request" is to *suppress evidence* by pretrial motion.

I would entertain the appeal and reverse the order.