STATE OF NORTH CAROLINA v. C. RICHARD TATE

No. 77

(Filed 6 May 1980)

**1. Criminal Law § 21— motion in limine**
     A motion *in limine* is a preliminary or pretrial motion.

**2. Criminal Law § 21— allowable motion before trial**
     Any *motion which can be made at trial can*, if the facts are known beforehand, be made before trial.

State v. Tate

3. Criminal Law § 149— granting of motion in limine to suppress evidence—right of State to appeal

The State could appeal from the granting of defendant's motion *in limine* to suppress the results of a test on green vegetable matter on the ground that the test had no scientific acceptance as a reliable means of identifying marijuana.

4. Narcotics § 3— test results on vegetable matter—unreliable test

The trial court's ruling that the results of tests conducted on green vegetable matter by using the Duquenois-Levine color test in the Sirchie drug kit were inadmissible in evidence was supported by the court's findings that the test is not scientifically accepted, reliable or accurate and that the test is not specific for marijuana because it reportedly also gives a positive reaction for some brands of coffee and aspirin.

ON appeal by the State from the decision of the Court of Appeals (opinion by *Clark, J.* with *Hill, J.* concurring and *Vaughn, J.* dissenting), which dismissed the case as an improper interlocutory appeal and therefore let stand the order of *Davis (James C.), J.* which allowed defendant's motion to suppress certain evidence.

Defendant was charged in an indictment, proper in form, with destroying evidence in violation of G.S. 14-221.1. Prior to the destruction of the evidence, it had been tested in the High Point police laboratory using the Duquenois-Levine color test in the Sirchie drug kit. The evidence that was tested, a green vegetable material, had a positive reaction for marijuana.

Defendant moved to suppress evidence concerning the test results on the ground that the test was "not specific for marijuana" and had "no scientific acceptance as a reliable and accurate means of identifying the controlled substance marijuana." The motion was allowed by the trial judge and the State appealed to the Court of Appeals. Having lost in the Court of Appeals with a dissenting opinion, the State has now appealed to this Court pursuant to G.S. 7A-30.

Other facts necessary to the decision of this case will be related in the opinion.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Joan H. Byers for the State.*

*Walter E. Clark, Jr., and Byerly & Byerly by W. B. Byerly, Jr., for the defendant.*

COPELAND, Justice.

[1, 2]  A motion *in limine* is, by definition, a motion made "[o]n or at the threshold; at the very beginning; preliminarily." Black's Law Dictionary, p. 708 (5th ed. 1979). In other words, a motion *in limine* is a preliminary or pretrial motion. Any motion which can be made at trial can, if the facts are known beforehand, be made before trial. *See e.g., State v. Franks,* 300 N.C. 1, 265 S.E. 2d 177 (1980) (motion *in limine* made to restrict the district attorney's closing argument). These motions can be made in order to prevent the jury from ever hearing the potentially prejudicial evidence thus obviating the necessity for an instruction during trial to disregard that evidence if it comes in and is prejudicial.

Article 53 of Chapter 15A deals with a specific type of a motion *in limine* and that is the motion *in limine* to suppress evidence. Two situations are specified in which the motion to suppress *must* be made *in limine*. The motion to suppress must be made before trial (*in limine*) when the Constitution of the United States or the Constitution of the State of North Carolina requires that the evidence be excluded and when there has been a substantial violation of Chapter 15A. G.S. 15A-974(1) and (2). G.S. 15A-975 requires that these motions be made "only prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c)." G.S. 15A-975(a). The fact that it is a motion to suppress denotes the *type* of motion that has been made. The fact that it is also a motion *in limine* denotes the *timing* of the motion regardless of its type.

The reasons for requiring the motion to suppress to be made *in limine* in the two situations specified in G.S. 15A-974 are set forth in the Official Commentary. If the motion is denied then the defendant, "whose only real defense is the motion to suppress [can immediately appeal without] . . . going through a trial simply to preserve his right of appeal." Official Commentary, G.S. 15A-979. If the motion is granted, then the State can immediately appeal provided that jeopardy has not attached which would bar further prosecution. *Id.* The intention is that "[t]he phrase 'prior to trial' unquestionably will be interpreted to mean prior to the

attachment of jeopardy," *id.*, so that the State will be able to appeal in all cases where the motion has been granted.

G.S. 15A-979 deals with the effect of orders concerning motions to suppress whether they are made *in limine* or at trial and provides in part that "[a] motion to suppress evidence made pursuant to this Article is the *exclusive* method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974." G.S. 15A-979(d). The clear implication of this subsection is that motions to suppress evidence which are not based on the two grounds specified in G.S. 15A-974 may or may not be made *in limine*.

In other words, when the motion to suppress is based on the grounds specified in G.S. 15A-974(1) and (2) then the motion to suppress must be made *in limine*. G.S. 15A-975; G.S. 15A-979(d). Motions to suppress on grounds other than those specified in G.S. 15A-974(1) and (2), *e.g.*, a motion to suppress on the ground that the evidence has not been properly authenticated, *State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979), or on grounds of unreliable testing as in the case *sub judice*, may be made for the first time at trial or for the first time before trial. G.S. 15A-979(d).

When the motion to suppress must be made *in limine*, G.S. 15A-974(1) and (2); G.S. 15A-975; G.S. 15A-979(d), but the defendant fails to make the motion at the proper time, then he has waived his right to contest the admissibility of the evidence at trial or on appeal on constitutional grounds. *State v. Hill*, 294 N.C. 320, 240 S.E. 2d 794 (1978); *see, State v. Detter, supra; see also, Wainwright v. Sykes*, 433 U.S. 72, 53 L.Ed. 2d 594, 97 S.Ct. 2497, *rehearing denied*, 434 U.S. 880 (1977).

[3] When the motion to suppress *must* be and is made *in limine* or *can* be and is made *in limine*, then the defendant can appeal if the motion is denied and he enters a plea of guilty, G.S. 15A-979(b), and the State can appeal if the motion is granted, G.S. 15A-1445 (which refers to G.S. 15A-979).

When the motion to suppress can be and is made for the first time at trial, then, if the motion is denied, "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction. . . ." G.S. 15A-979(b).

Here, defendant began his pretrial motion as follows: "NOW COMES the defendant . . . pursuant to Chapter 15A, Article 53, of the General Statutes of North Carolina, and moves to suppress evidence of a reported test. . . ." Later in the proceedings, defendant asked that the motion be considered as a motion *in limine instead of* as a motion to suppress. As discussed above, the motion was, by definition, both of these things because it was a motion before trial (*in limine*) to suppress. When a motion to suppress is made *in limine*, the applicable Article, whether the defendant refers to it in his motion or not, is Article 53 of Chapter 15A, and more specifically, G.S. 15A-979. Defendant did not have to make his motion to suppress *in limine*. G.S. 15A-974(1) and (2). However, he could and did so make the motion and it was granted. Thus, the State has a right to appeal. G.S. 15A-1445; *see,* G.S. 15A-979.

[4] The State argues that the trial judge erred in suppressing the test results because the evidence upon which the findings of fact are based is solely hearsay and is therefore insufficient to support the findings.

The State failed to take any exception to any finding of fact in the order. The State excepted solely to the conclusion of law (the judgment itself). When there are no exceptions to the findings of fact, the facts found will be presumed to be correct and supported by the evidence and thus are binding on appeal. *MacKay v. McIntosh*, 270 N.C. 69, 153 S.E. 2d 800 (1967); *Nationwide Homes of Raleigh, Inc. v. First-Citizens Bank & Trust Co.*, 267 N.C. 528, 148 S.E. 2d 693 (1966); *Keeter v. Town of Lake Lure*, 264 N.C. 252, 141 S.E. 2d 634 (1965). Since the State excepted only to the judgment, the sole issue is whether the findings of fact, taken as true, support the conclusion of law (the judgment). *Hertford v. Harris*, 263 N.C. 776, 140 S.E. 2d 420 (1965); *Winborne v. Stokes*, 238 N.C. 414, 78 S.E. 2d 171 (1953).

The trial judge concluded that the test results are inadmissible based on his findings that the Duquenois-Levine color test used in the Sirchie drug kit is not scientifically accepted, reliable or accurate. The test is not specific for marijuana because reportedly it also gives a positive reaction for "[s]ome brands of coffee, as well as aspirin." The conclusion to exclude the test results is amply supported by these findings of fact.

The action may, therefore, proceed without the use of the test results. The trial judge's order was solely concerned with the competency of a certain testing method and the admissibility of those test results. It was not a determination of the relevancy of this particular evidence when you consider that the statute makes it illegal to destroy evidence no matter what that evidence is (a green vegetable material or actually marijuana) so long as it is "evidence relevant to any criminal offense." G.S. 14-221.1 (1979 Cum. Supp.). The statute defines evidence as "*any article* or document in the possession of a law enforcement officer or officer of the General Court of Justice being retained for the purpose of being introduced in evidence or having been introduced in evidence or being preserved as evidence." *Id. Cf., State v. Bissette*, 250 N.C. 514, 108 S.E. 2d 858 (1959) (regarding the sufficiency of an indictment), *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972) (sufficiency of the indictment), *State v. Loesch*, 237 N.C. 611, 75 S.E. 2d 654 (1953) (the indictment must either charge the offense in the language of the act or specifically set forth the facts constituting the offense); *cf., also, State v. Nunley*, 224 N.C. 96, 29 S.E. 2d 17 (1944) (fatal variance between indictment and proof) and *State v. McCall*, 12 N.C. App. 85, 182 S.E. 2d 617, *cert. denied*, 279 N.C. 513, 183 S.E. 2d 689 (1971) (no fatal variance).

The State had a right to appeal and the test results were properly suppressed; therefore, the Court of Appeals is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.