EVANS v. FAMILY INNS OF AM., INC.

[141 N.C. App. 520 (2000)]

BETTY EVANS, PLAINTIFF v. FAMILY INNS OF AMERICA, INC., FAMILY INNS OF AMERICA FRANCHISING, INC., INNCO MANAGEMENT CORPORATION, ROWLAND ASSOCIATES, LTD. A LIMITED PARTNERSHIP, BILL THOMAS, KENNETH SEATON, WAYNE DAVIS, AND GERALD WILLIAMSON, DEFENDANTS

No. COA99-1242

(Filed 29 December 2000)

**1. Appeal and Error— preservation of issues—reliance on companion case—no additional argument**

The trial court did not err by granting summary judgment in favor of all defendants on the issue of punitive damages in a case where plaintiff was a victim of an armed robbery while staying at defendants' motel, because: (1) plaintiff incorporated arguments regarding these claims from a companion case, and the Court of Appeals upheld the trial court's grant of summary judgment as to punitive damages in the companion case; and (2) plaintiffs failed to make any additional argument as to punitive damages in this case.

**2. Negligence— armed robbery of motel patron—reasonable foreseeability—summary judgment improper**

The trial court erred by granting summary judgment on the issue of negligence in favor of the first set of defendants in a case where plaintiff was a victim of an armed robbery while staying at defendants' motel, because the evidence before the trial court raised triable issues as to whether defendants should have reasonably foreseen that the conditions on its motel premises were such that its guests might be exposed to injury by the criminal acts of third persons.

**3. Appeal and Error— preservation of issues—rulings on motions in limine**

Although plaintiff contends the trial court erred in its evidentiary rulings on eighteen motions in limine, five of which were held open pending a proffer of evidence at trial, the evidentiary issues raised in plaintiff's brief are not properly before the Court of Appeals and will not be addressed because: (1) this case was dismissed at the summary judgment stage and there was never an opportunity by either party to introduce evidence at trial; and (2) the trial court ruled on the motions in limine after the entry of the trial court's order for summary judgment.

EVANS v. FAMILY INNS OF AM., INC.

[141 N.C. App. 520 (2000)]

Appeal by plaintiff from order entered 28 May 1999 and order entered 22 July 1999 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 28 August 2000.

*Parker, Poe, Adams & Bernstein, L.L.P., by Jack L. Cozort and Stephen D. Coggins, for the plaintiff-appellants.*

*Young, Moore & Henderson, P.A., by John A. Michaels and Kathryn H. Hill, for the defendant-appellees.*

LEWIS, Judge.

At approximately 2 a.m. on 17 August 1994, plaintiff Betty Evans was a victim of an armed robbery while staying at the Family Inn motel in Rowland, North Carolina ("Family Inn"). More than one gunmen entered plaintiff's room, where she was staying with Willie Izzard, and ordered her to cover her head with the sheets. The assailants left with plaintiff's purse, her Bible, cash that she had placed in the Bible, her grandchildren's pictures, change, a watch, a camera and the keys to her rental car; however, they never took anything from the car. Plaintiff was not physically injured as a result of the robbery. After the incident, plaintiff reported the robbery, but had no specific conversation with the desk clerk about the events of the robbery. The Family Inn offered plaintiff and Mr. Izzard another room for the night, which they accepted, and left the next day.

On 16 March 1998, plaintiff brought suit against numerous defendants variously associated with the Family Inn, asserting claims of (1) negligence, (2) negligent infliction of emotional distress, (3) intentional infliction of emotional distress and (4) unfair trade practices, requesting compensatory, punitive and treble damages.

On 18 March 1999, defendants (1) Family Inns of America Franchising, Inc., (2) Rowland Associates, Ltd., (3) Kenneth Seaton, and (4) Gerald Williamson ("first set of defendants"), moved for summary judgment on *all* claims. The trial court granted summary judgment on *all* claims in favor of this *first* set of defendants. In addition, defendants (5) Family Inns of America, Inc., (6) Innco Management Corporation, (7) Bill Thomas and (8) Wayne Davis ("second set of defendants") moved for *partial* summary judgment dismissing all of plaintiff's claims *except* for the sole claim of negligent infliction of emotional distress. Although the parties do not address it on appeal, in its order allowing partial summary judgment, the trial court mistakenly stated that the second set of defendants did not seek dismissal of plaintiff's claims of *negligence* and negligent infliction of

emotional distress. Ultimately, the trial court granted *partial* summary judgment on the claims of intentional infliction of emotional distress, punitive damages, and unfair trade practices in favor of the *second* set of defendants. This leaves pending plaintiff's claims for negligence and negligent infliction of emotional distress only against the *second* set of defendants. Plaintiff appeals from the summary judgment order and from the trial court's order ruling on certain of both parties' motions in limine.

As previously noted, the trial court granted summary judgment as to the claims of intentional infliction of emotional distress and unfair trade practices as to *all* defendants. We begin by addressing plaintiff's contention that the evidence creates a triable issue as to these claims. In making this contention, plaintiff incorporates the arguments regarding these claims from a companion case also filed this day, *Connelly v. Family Inns, Inc.*, COA No. 99-1241 (N.C. Ct. App. Dec. 29, 2000). However in *Connelly*, we concluded plaintiffs ultimately abandoned their argument as to these claims on appeal. Accordingly, we will not address them here and leave undisturbed summary judgment as to the claims of intentional infliction of emotional distress and unfair trade practices.

[1] As previously mentioned, the trial court granted summary judgment as to punitive damages in favor of *all* defendants in this case. Plaintiff contends this was error. In making this contention, plaintiff again incorporates the argument from the companion case of *Connelly*. In *Connelly*, we upheld the trial court's grant of summary judgment as to punitive damages in favor of all defendants. In the absence of any additional argument as to punitive damages in this case, we again conclude the trial court did not err in granting summary judgment as to punitive damages.

Next, plaintiff contends the trial court erred in dismissing the claims of negligence and negligent infliction of emotional distress against the *first* set of defendants only, as those claims still remain pending before the trial court against the *second* set of defendants. In *Connelly*, we held plaintiffs failed to preserve their claim for negligent infliction of emotional distress. Absent any argument in this case expounding on this contention, we will not address it here. We have left undisturbed the trial court's grant of summary judgment as to the claim of negligent infliction of emotional distress in favor of the *first* set of defendants.

**[2]** As to the claim of negligence, in *Connelly*, we determined that the risk of crime at the Family Inn was foreseeable, and thus, created a duty in the Family Inn to safeguard its guests against the criminal attacks of third parties. That analysis, which rested on the existence of prior criminal activity in the intersection surrounding the Family Inn, also applies here. Although not necessary to our conclusion, we take into consideration the armed robbery occurring in *Connelly* as bearing on the issue of foreseeability in this case. We thus conclude that the evidence before the trial court raised triable issues as to whether defendants should have reasonably foreseen that the conditions on its motel premises were such that its guests might be exposed to injury by the criminal acts of third persons. Accordingly, we reverse summary judgment only as to plaintiff's claim for negligence in favor of the *first* set of defendants.

**[3]** Next, we address plaintiff's contention that the trial court erred in its ruling on eighteen motions in limine, five of which were held open pending a proffer of evidence at trial. A motion in limine seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial," and is recognized in both civil and criminal trials. *State v. Tate*, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, *rev'd on other grounds*, 300 N.C. 180, 265 S.E.2d 223 (1980). Rulings on these motions are merely preliminary and thus, subject to change during the course of trial, depending on the actual evidence offered at trial. *Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 620, 504 S.E.2d 102, 105 (1998). Thus, an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of evidence." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845 (1995).

"A party objecting to an order granting or denying a motion in limine, in order to preserve the evidentiary issue for appeal, is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted)." *Southern Furn. Hdwe., Inc. v. Branch Banking & Tr. Co.*, 136 N.C. App. 695, 701, 526 S.E.2d 197, 200 (2000). On appeal, then, the issue is not whether the granting or denying of the motion in limine was error since that issue is not appealable, but instead whether the evidentiary rulings of the trial court made during the trial are error. *Id.*

This case was dismissed at the summary judgment stage, and there was never an opportunity by either party to introduce evidence at trial. Accordingly, the evidentiary issues raised in plaintiff's brief

are not properly before this Court and will not be addressed. Nonetheless, we note plaintiff's contention that the trial court's rulings on these motions in limine "manifest multiple legal misapprehensions" in the court's ruling on summary judgment in this case. To the contrary, the trial court ruled on the motions in limine in this case on 22 July 1999—*after* the entry of the trial court's order for summary judgment on 21 May 1999. Plaintiff nonetheless contends this Court should provide specific guidance to the trial court regarding the admissibility of evidence at trial. To that end, we note that our analysis as to the question of foreseeability in *Connelly* should be instructive as to the admissibility of evidence on that issue.

In sum, we affirm the trial court's grant of summary judgment on all claims *save* the claim of negligence. We reverse the trial court's grant of summary judgment only as to the claim of negligence in favor of the *first* set of defendants—(1) Family Inns of America Franchising, Inc., (2) Rowland Associates, Ltd., (3) Kenneth Seaton, and (4) Gerald Williamson. That leaves pending on remand the claim of negligence as to *all* defendants, and the claim of negligent infliction of emotional distress as to the *second* set of defendants.

Affirmed in part, reversed in part, and remanded.

Judges WALKER and HUNTER concur.