STATE OF NORTH CAROLINA v. BILLY RAY MANEY

No. COA01-1036

(Filed 16 July 2002)

**1. Evidence— defendant's statements to psychologist— motion to suppress—effective assistance of counsel—prejudicial effect**

The trial court did not err in a first-degree statutory sexual offense case by denying defendant's motion to suppress statements he made to a psychologist during a sex offender evaluation conducted as a condition of a plea agreement in an indecent liberties case in another county even though defendant contends he received ineffective assistance of counsel and that the admission violated N.C.G.S. § 8C-1, Rule 403, because: (1) counsel's representation of defendant was limited to the charges brought in the other county and not the present case, and also there was ample and substantial evidence against defendant for the State to have

---

2. Based, for instance, on a review of Plaintiff's medical documents.

still obtained a guilty verdict without the testimony of the psychologist; and (2) the trial court heard defendant's argument to exclude the testimony on Rule 403 grounds, questioned defense counsel, and only then found that the value of the statements outweighed any prejudicial effect.

2. **Evidence— motion in limine—prior judgment acquitting defendant of first-degree statutory rape of same victim**

The trial court did not err in a first-degree statutory sexual offense case by granting the State's motion in limine forbidding defendant from admitting evidence of a prior judgment acquitting him on the charge of first-degree statutory rape of the same victim, because defendant failed to show that the trial court's ruling could not have been the result of a reasoned decision or that it resulted from an abuse of discretion.

3. **Appeal and Error— preservation of issues—failure to cite authority**

Although a defendant in a first-degree statutory sexual offense case contends the trial court erred by its instruction to the jury regarding its failure to reach a verdict and by failing to grant a mistrial, this assignment of error is deemed abandoned because defendant failed to cite any legal authority in support of his arguments as required by N.C. R. App. P. 28(b)(5).

Appeal by defendant from judgment entered 16 November 2000 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 5 June 2002.

*Roy Cooper, Attorney General, by Margaret A. Force, Assistant Attorney General, for the State.*

*Siemens Law Office, P.A., by Jim Siemens, for defendant-appellant.*

THOMAS, Judge.

Defendant, Billy Ray Maney, appeals a judgment finding him guilty of first-degree statutory sexual offense. He makes three assignments of error, contending the trial court erred by: (1) denying his motion to suppress statements he made to a psychologist; (2) granting the State's motion *in limine* forbidding defendant to admit evidence of a prior judgment acquitting him on the charge of first-degree statutory rape of the same victim; and (3) improperly instructing the

jury on failure to reach a verdict and failing to grant a mistrial. For the reasons herein, we find no error.

Defendant was married to the victim's mother in 1992. The victim, "K", born in 1983, and her sister, "J", who is three years older, approached their mother in July 1999 and explained that their stepfather, defendant, had been inappropriately touching them for some time. The family was then living in Jackson County. K and J were interviewed by representatives of the Jackson County Department of Social Services and the Jackson County Sheriff's Department. Subsequently, defendant was charged with taking indecent liberties in Jackson County and entered into a plea arrangement.

As a condition of the plea arrangement, defendant went to Smokey Mountain Mental Health Center for a sex offender specific evaluation. During an evaluation by Arthur Dosch, a licensed psychological associate, defendant admitted to two counts of indecent liberties. In February 2000, defendant tendered his guilty plea and was sentenced in accordance with the plea arrangement.

However, unknown to defendant and his Jackson County counsel at the time of the plea, charges of first-degree statutory sexual offense and first-degree statutory rape involving K were pending against defendant in Buncombe County, relating to an incident occurring while K and defendant were visiting her great-grandmother in Asheville in 1998. The two warrants were served on defendant four days after he entered the plea in Jackson County. Defendant's counsel in Jackson County moved to have defendant's plea set aside. The request was granted.

Defendant was subsequently found not guilty of the first-degree statutory rape charge in Buncombe County, but the jury was deadlocked as to the first-degree statutory sexual offense charge. The trial court declared a mistrial on the charge of first-degree statutory sexual offense. Defendant was re-tried in the instant case and the jury returned a guilty verdict. He was sentenced to a minimum term of 250 months and a maximum term of 309 months in prison. Defendant now appeals.

The State's evidence tends to show the following: Defendant began to sexually touch K in 1992, when she was eight years old. On occasion, as she went to kiss him goodnight, he would grab her face and stick his tongue into her mouth. He sometimes touched her buttocks when he hugged her. Frequently, defendant would put his fingers into her vagina when she was on the couch at night after her

mother went to bed. He would also force K to put her hand down his pants to touch his penis.

In October 1993, late at night, the family was returning from Tennessee. Defendant was driving the van, K was in the front passenger seat, and her mother, sister, and brothers were in the back seats. Defendant reached over and tried to touch K's vaginal area after touching one of her breasts. She then turned away so he could not reach her.

The statutory sexual offense charge in the present case relates to an incident in Buncombe County during the summer of 1998. K was fourteen years old when she went with defendant to her great-grandmother's home in Asheville. Her great-grandmother had been placed in a nursing home, so defendant and K mowed the lawn and did other work in her yard. Afterwards, K went into the house and sat on one of the beds. Defendant went into the house, took a shower and, wrapped in a towel, sat behind her on the bed. He reached around her, moved her shorts aside, and put his finger into her vagina while touching her breast. K got up, but defendant restrained her by hugging her and then stuck his tongue into her mouth. K pushed away and they eventually went home.

K told several people, including friends at school and her sister, J, that defendant was inappropriately touching her. J told K that defendant had also been touching her in the same manner. Together, they told their mother. They then informed the authorities, but K did not tell them about every incident she could remember.

Defendant presented no evidence.

After being found guilty of first-degree statutory sexual offense, defendant was sentenced to a minimum term of 250 and a maximum term of 309 months. He appeals.

[1] By defendant's first assignment of error, he argues the trial court committed reversible error by denying his motion to suppress his statements to Dosch, in violation of the Sixth Amendment to the Constitution of the United States and Rule 403 of the North Carolina Rules of Evidence. We disagree.

"The Sixth Amendment recognizes the right to counsel because effective counsel plays a role that is critical to the ability of the adversarial system to produce just results." *State v. Davidson*, 77 N.C. App. 540, 546, 335 S.E.2d 518, 522 (1985) (quoting *Golden v. Newsome*, 755

F.2d 1478, 1484 (11th Cir. 1985)). Defendant first contends he was denied effective assistance of counsel under the Sixth Amendment because his attorney in the Jackson County cases, Reid Brown, convinced him to go to the Smokey Mountain Mental Health Center to have a sex offender specific evaluation done. Defendant maintains this advice constituted ineffective assistance of counsel since Brown knew of the possibility that defendant may be charged in Buncombe County and that the statements made to Dosch could be used as an admission in a later case.

To substantiate a claim for ineffective assistance of counsel, a defendant must show that his counsel's representation was deficient and there is a reasonable possibility that, but for the inadequate representation, there would have been a different result. *State v. Frazier*, 142 N.C. App. 361, 367, 542 S.E.2d 682, 687 (2001). Reid's representation of defendant was limited to the charges brought in Jackson County. At no time did he represent defendant in the present case. Further, after a careful review of the record and trial transcript, we hold that there is ample and substantial evidence against defendant for the State to have still obtained a guilty verdict even without the testimony of Dosch. We therefore reject this argument.

Defendant contends the admission also violated Rule 403 of the North Carolina Rules of Evidence. Rule 403 provides, in pertinent part, that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.R. Evid. 403. Under the balancing test required by the Rule, evidence must be "sufficiently similar and not so remote in time as to be more probative than prejudicial." *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). Whether or not to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial judge. *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986). This Court will not intervene where the trial court has properly weighed both the probative and prejudicial value of the evidence and made its ruling accordingly. *Tomika Invs., Inc. v. Macedonia True Vine Pent. Holiness Ch. of God*, 136 N.C. App. 493, 498, 524 S.E.2d 591, 595 (2000).

Here, defendant did not contend that the incidents he admitted to in Jackson County were dissimilar, or lacked sufficient temporal proximity, to those in Buncombe County. Rather, he maintained that Rule 403 was violated because, given the circumstances, allowing Dosch's testimony was unfair and gave the appearance of prosecuto-

rial treachery. The trial court heard defendant's arguments to exclude Dosch's testimony on Rule 403 grounds, questioned defense counsel, and only then found that the value of the statements outweighed any prejudicial effect. Its ruling was the result of the exercise of sound discretion and we therefore reject this argument.

[2] By defendant's second assignment of error, he argues the trial court committed reversible error by granting the State's motion *in limine* forbidding defendant to address his prior acquittal on the charge of first-degree rape brought by K. We disagree.

A motion *in limine* seeks " 'pretrial determination of the admissibility of evidence proposed to be introduced at trial,' and is recognized in both civil and criminal trials." *Nunnery v. Baucom*, 135 N.C. App. 556, 566, 521 S.E.2d 479, 486 (1999) (quoting *State v. Tate*, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, *rev'd on other grounds*, 300 N.C. 180, 265 S.E.2d 223 (1980)). The trial court has wide discretion in ruling on motions *in limine* and will not be reversed absent an abuse of discretion. *Id.* "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.' " *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998).

Here, the trial court heard arguments from both sides before reaching a decision. The State argued that evidence of a prior acquittal was not relevant to defendant's guilt or innocence in the instant case and that any probative value would be substantially outweighed by the danger of prejudice to the State. The defense argued that the acquittal indicated that the earlier jury did not believe the victim. The State then pointed out that an acquittal can also indicate that the State simply did not satisfy its burden of proof as to one or more of the elements of first-degree statutory rape.

Defendant has not shown that the trial court's ruling could not have been the result of a reasoned decision. He has thus failed to demonstrate an abuse of discretion. Consequently, we reject his argument.

[3] By defendant's final assignment of error, he argues the trial court committed reversible error by failing to instruct the jury as requested pertaining to its failure to reach a verdict and by failing to declare a mistrial.

Here, the jury requested to "see the state statutes or the instructions" given by the judge and deliberated for a total of almost twelve hours. During the deliberations, the trial court denied defendant's request that the trial court instruct the jury that its "failure to reach a verdict need not be their concern, but they need to report that to [the court]."

After the first full day of deliberation, the jury gave a note to the trial court stating that two separate votes had yielded the same tally, and that "[i]t appears we are firm in this decision and cannot meet a unanimous vote." This note was not shown to counsel for either party and the trial court responded with the following instruction, taken from the North Carolina Pattern Jury Instructions:

> You should reason the matter over together as reasonable men and women and to reconcile your differences, if you can, without surrender of conscientious convictions. No juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

*See* N.C.P.I.—Crim. 101.40. Defendant contends the trial court gave an incomplete instruction because N.C.P.I.—Crim. 101.40 prefaces the second sentence with the word "But" and the trial court failed to do so. Given the totality of the circumstances, he claims, the denial of his motion for a mistrial constituted error.

However, defendant fails to cite any legal authority in support of his arguments. This assignment of error is therefore deemed abandoned. N.C.R. App. P. 28(b)(5).

NO ERROR.

Judges WYNN and HUNTER concur.