BRYANT, Judge.
Where defendant sought to introduce evidence of a testifying officer's text conversations that had very low probative value, the trial court did not err in excluding the evidence. Accordingly, we find no error in the judgment of the trial court.
On 12 January 2016, a grand jury indicted defendant Kendrick Hart on one count of possession of a firearm by a felon. Defendant was tried between 2 and 5 May 2016. During his trial, defendant stipulated to the fact that he was convicted of felony possession of cocaine on 4 November 2002.
At trial, Justin Lea, a former officer who had worked with the Jacksonville Police Department during the events relevant to this case, testified to the following facts for the State: On 22 April 2015, Officer Lea and a few other officers went to a housing complex in Jacksonville to arrest an individual with an outstanding arrest warrant. As the officers were in the process of arresting the individual, Officer Lea witnessed a woman, later identified as Amy Brandon, exit the townhouse adjacent to the townhouse of the individual the officers were there to arrest. Upon seeing Officer Lea, Brandon retreated back into her townhouse. Officer Lea smelled "a very strong odor of marijuana" coming from the townhouse.
Officer Lea and Officer John Clukey then went to Brandon's townhouse and knocked on the door. When Brandon opened the door, Officer Lea explained to her that he had smelled marijuana coming from the townhouse, and asked for her consent to search the townhouse in lieu of the officers seeking a search warrant. Brandon signed a consent form. When Officer Lea asked Brandon if there were any weapons in the house, Brandon replied that her boyfriend, later identified as defendant, "owned a black powder pistol, due to him being a convicted felon." Officer Lea went to search the master bedroom, and upon lifting a mattress discovered a padlocked "Smith & Wesson gun box." Officer Lea returned to Brandon and asked where the key to the padlock was. Brandon replied that defendant had the only key with him. Brandon also stated she had forgotten to mention that she owned a .25-caliber semiautomatic pistol, and that she believed it was in the dresser drawer in the bedroom. After an officer returned to the bedroom and was unable to find the pistol, Brandon stated that defendant "must have moved it and put it in the gun case, too." Officers were able to pry open the gun box, wherein they discovered two firearms-a .25-caliber pistol and a revolver fully loaded with .45-caliber rounds.
The next day, Officer Lea obtained a warrant for defendant's arrest and then returned with other officers to arrest defendant at his townhouse. As defendant was being searched incident to arrest, he informed Officer Lea "that he goes shooting with Ms. Brandon and her father and also cleans the guns afterwards," and that he had been shooting the day prior.
Following Officer Lea's testimony on direct examination, the trial court considered the State's motion in limine seeking to prohibit defense counsel from asking Officer Lea about the circumstances surrounding his resignation from the Jacksonville Police Department, which occurred less than three weeks after defendant was arrested. During voir dire , Officer Lea testified that he was going through a divorce at the time and texted a number he found on Craigslist under the heading "women seeking men." Officer Lea and the woman exchanged pictures via text. Upon receiving the woman's photo, Officer Lea realized that she was a prostitute who also served as a police informant, and their conversation ended at that point. On 6 May 2015, Officer Lea learned he was being investigated for this conduct, and he resigned the next day. After hearing arguments from counsel, the trial court allowed the motion in limine , concluding that "the witness' conduct is not probative of truthfulness or untruthfulness," and that:
[T]he Court has, in the exercise of its discretion, taken into consideration the importance of the witness' testimony to the [S]tate; the lack of relevance of the act of misconduct or truthfulness; the remoteness of the act with respect to the trial date; that an inquiry will lead to time-consuming, distracting explanations not relevant to the case in chief; that there would be an unfair humiliation of the witness; and there would be undue prejudice to the [S]tate which outweighs de minimis probative value for the defendant.
Brandon's testimony at trial regarding the events of 22 April 2015 contradicted Officer Lea's. Brandon stated that she had informed the officers who were searching her home on 22 April 2015 that both guns belonged to her. Brandon testified that while she usually did not keep the guns in the home due to defendant's felony conviction, she had retrieved the guns from her parents' house the week before because defendant was going to be out of town for several days.
Defendant testified that he had previously owned black powder guns because he understood it was not illegal for him to possess them as a felon, but that his guns had been stolen out of his residence a couple of years prior to his arrest on the current charge. Defendant further testified that neither of the guns recovered from the gun box in his townhouse belonged to him. Defendant denied telling Officer Lea that he had been shooting the day prior to his arrest.
On 5 May 2016, the jury found defendant guilty of possession of a firearm by a felon, and the trial court sentenced defendant to thirteen to twenty-five months' imprisonment. Defendant gave oral notice of appeal in open court.
_________________________
Before this Court, defendant contends that the trial court abused its discretion in allowing the State's motion in limine to limit defense counsel's cross-examination of former Officer Lea. We disagree.
"[A] motion in limine is a preliminary or pretrial motion.... These motions can be made in order to prevent the jury from ever hearing the potentially prejudicial evidence thus obviating the necessity for an instruction during trial to disregard that evidence if it comes in and is prejudicial." State v. Tate , 300 N.C. 180, 182, 265 S.E.2d 223, 225 (1980). North Carolina Rule of Evidence 403 provides that a trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2015). We review a trial court's decision to admit or exclude evidence under Rule 403 for an abuse of discretion. State v. Beckelheimer , 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). A trial court's ruling under Rule 403 will be reversed only upon a showing that it was "so arbitrary that it could not have resulted from a reasoned decision." State v. Bidgood , 144 N.C. App. 267, 272, 550 S.E.2d 198, 202 (2001) (citations omitted).
In ruling on the motion in limine , the trial court made the following relevant findings:
4. On May 6, 2015, there was an internal investigation at the Jacksonville Police Department against Lea, regarding a text message between Lea and a female who was an informant and a known prostitute. These text messages were done by Lea, not in his capacity as a police officer, but were personal, and against the policies of the Jacksonville Police Department, in contacting known prostitutes.
5. That Lea was going through a divorce, and there were no sexual demands made in the texts, but faces of Lea and the female were exchanged. Lea had obtained her name on [C]raigslist under the heading "women seeking men". Lea had not seen the female's photo before contact. There were no sexual demands in the texts, from either party, and the text conversation ended when Lea recognized her face and the female recognized his. A copy of the texts that were exchanged was sent to the Jacksonville Police Department.
6. An investigation began with the Jacksonville Police Department concerning the text message[s], in violation of police policies and procedure and, on May 7th, Lea resigned from the Jacksonville Police Department. After the resignation, there was no further investigation and there were no criminal charges brought against Lea.
These findings are supported by Officer Lea's testimony and are binding on appeal. See State v. Lane , 334 N.C. 148, 154, 431 S.E.2d 7, 10 (1993) ("The trial court's findings of fact following a voir dire hearing are binding on this Court when supported by competent evidence." (citation omitted)).
Defense counsel argued at trial that he should be allowed to introduce evidence regarding the circumstances surrounding Officer Lea's resignation because it raised a question as to Officer Lea's veracity. However, the fact that Officer Lea contacted a woman he met online and subsequently ceased contact with her upon learning she was a prostitute bears little on his credibility or possible motive for being untruthful as to what was said to him by Brandon or defendant. There was no evidence introduced showing that Officer Lea had been untruthful with anyone in the Jacksonville Police Department regarding this incident, nor was there evidence introduced showing that Officer Lea's contact with the woman was in any way related to the events leading to defendant's arrest. Given the very low probative value of the evidence defendant sought to introduce regarding Officer Lea's text conversations with the woman, it is clear the trial court did not abuse its discretion in determining that the probative value of the evidence was substantially outweighed by the risk of unfair prejudice, confusion of the issues, or waste of time. As a result, defendant's argument on appeal is without merit, and we find no error in the judgment of the trial court.
NO ERROR.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.